EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No: 14-cv-20726-JAL

HOWARD BRAYNEN on behalf of
himself and all others similarly situated,

     Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC, HARWOOD
SERVICE COMPANY, LLC, ASSURANT,
INC., and AMERICAN SECURITY INSURANCE
COMPANY,

     Defendants.

_____/

## STIPULATION AND SETTLEMENT AGREEMENT

1

IT IS HEREBY STIPULATED AND AGREED, by, between, and among Plaintiffs Howard Braynen, Toni Murray, and Ronald Hutchings, on behalf of themselves and all Settlement Class Members as defined herein, and Defendants Nationstar Mortgage, LLC, Harwood Service Company, LLC, Nationstar Mortgage Holdings Inc. [collectively "the Nationstar Defendants"], Assurant, Inc. ("Assurant"), American Security Insurance Company ("ASIC"), Voyager Indemnity Insurance Company ("VIIC"), and Standard Guaranty Insurance Company ("SGIC") [collectively "the Assurant Defendants"],[1] that the lawsuit originally captioned *Braynen  v. Nationstar Mortgage, LLC*, Case No. 14-cv-20726-JAL, in the United States District Court for the Southern District of Florida (the "Braynen Litigation" or the "Litigation") and the matters raised by, or which could have been raised by, the Braynen Litigation are settled, compromised, and dismissed on the merits and with prejudice on the terms and conditions set forth in this Settlement Agreement and the Release set forth herein, subject to the approval of the Court.

## 1.    RECITALS

1.1.    On February 27, 2014, Plaintiff Braynen filed the instant putative nationwide class action complaint.  On, November 25, 2013, Plaintiff Murray filed a similar putative nationwide class action involving hazard lender-placed insurance entitled *Murray v. Nationstar Mortgage, LLC et al.;* Case No. 1:13-cv-24280-RNS (the "Murray Litigation"), United States District Court for the Southern District of Florida.  On March 15, 2013, Plaintiff Hutchings filed a similar putative nationwide class action involving flood lender-placed insurance entitled *Hutchings v. Nationstar Mortgage LLC et al.*, Case No. 13-cv-00569-DCN, United States District Court for the Northern District of Ohio (the "Hutchings Litigation") (together the "Related Litigations").  Co-Lead Class Counsel had been investigating and litigating Lender

---

[1] The parties refer to all defendants collectively as "Defendants."

2

Placed Insurance ("LPI") class cases against the Assurant Defendant in the Southern District of Florida for almost three years prior to filing the complaint in the Braynen Litigation.  Class counsel advises that over 30 depositions have been taken in those cases, and well over a million documents have been produced and reviewed.

1.2.    In the Braynen Litigation, Plaintiff asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, violations of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), tortious interference with an advantageous business relationship, violations of the Truth in Lending Act, and violations of Racketeer Influenced and Corrupt Organizations Act, and seek to certify a nationwide class of all borrowers who were charged for  hazard (including wind-only), flood, or flood gap, LPI by the Nationstar Defendants.

1.3.    Based upon the complaint, recent rulings of the Court, and the vast discovery already produced in the other LPI actions by the Assurant Defendants, the parties agreed to engage in an early mediation.

1.4.    Plaintiff demanded specific and targeted discovery to be produced by the Defendants prior to any mediation.

1.5.    The parties thereafter commenced voluminous discovery with the Nationstar and Assurant Defendants, supplementing the production of more than two million pages of documents previously produced in parallel lender placed insurance litigation involving the Assurant Defendants before this Court and across the country.

1.6    On May 13, 2014, a formal mediation of this matter with Rodney Max as the mediator ("Braynen Mediation") was held.

1.7    In advance of and during the mediation, the Nationstar and Assurant Defendants provided Plaintiff and Class Counsel with additional information concerning the Nationstar

3

Defendants' specific LPI program, including aggregate LPI premium information across the country for all programs.

1.8     The Braynen Mediation involved an in-person mediation session, numerous conference calls, and the exchange of extensive written information concerning the claims raised in the Braynen Litigation.   It also included the collection, production, and review of data concerning LPI Policies.

1.9     The Braynen Mediation was attended by counsel representing the Named Plaintiffs in the Braynen Litigation, Murray Litigation, and Hutchings Litigation.

1.10    The Parties reached a settlement in principle at the mediation and the Settling Parties' counsel signed off on a settlement outline that identified the material terms for this Settlement Agreement.

1.11    On July 7, 2014, Braynen filed an Amended Complaint to include claims against additional defendants VIIC, SGIC, and Nationstar Mortgage Holdings Inc. and to add Murray and Hutchings as named plaintiffs in the Braynen Litigation.  (D.E. 45).

1.12    Further, the parties in the Murray Litigation and Hutchings Litigation have filed motions to stay those cases pending final approval of the settlement of the Braynen Litigation. Plaintiffs in the Murray Litigation and Hutchings Litigation will voluntarily dismiss those cases, if the Braynen settlement is approved by the Court.

1.13    Class Counsel has significant experience litigating LPI claims, having represented plaintiffs in numerous putative class actions brought in the Southern District of Florida, including *Williams v. Wells Fargo Bank, N.A.*, No. 11-cv-21233, *Herrick v. JP Morgan Chase Bank, N.A.*, No. 13-21107, *Kunzelmann v. Wells Fargo Bank, N.A.*, No. 11-cv-81373, *Hall v. Bank of America, N.A.*, No. 12-cv-22700, *Diaz v. HSBC Bank USA, N.A.*, No. 13-cv-21104, *Popkin v. Citibank, N.A.*, 13-cv-60722, *Fladell v. Wells Fargo Bank, N.A.*, No. 13-cv-

60721, and the Braynen Litigation. Many of the above-styled cases name the Assurant Defendants as defendants. Based on this experience, Class Counsel believes that the Braynen Litigation has significant merit and that the evidence developed supports Plaintiff Braynen's claims. Class Counsel recognizes and acknowledges, however, that prosecuting the Braynen Litigation through fact and expert discovery, class certification, dispositive motions, trial, and appeals will involve considerable uncertainty, time, and expense.

1.14    Class Counsel has concluded that it is in the best interests of the Class as a whole that the claims asserted in the Braynen Litigation be resolved on the terms and conditions set forth in this Agreement. After extensive consideration and analysis of the factual and legal issues presented in the Braynen Litigation, and extensive mediation sessions, Class Counsel has reached the conclusion that the substantial benefits the Settlement Class Members will receive as a result of this Settlement are a very good result in light of the risks and uncertainties of continued litigation, including any motion for class certification, the expense that would be necessary to prosecute the Braynen Litigation through trial and any appeals that might be taken, and the likelihood of success at trial.

1.15    Defendants have denied, and continue to deny each and every allegation of liability, wrongdoing, and damages, as they have substantial factual and legal defenses to all claims and class allegations in the Braynen Litigation. Defendants have always maintained, and continue to maintain, that they have acted in accordance with all applicable agreements and governing law. Nonetheless, Defendants have concluded that because the continuation of the Braynen Litigation would be protracted and expensive, it is desirable that the Braynen Litigation be fully and finally settled on a class-wide basis in the manner and upon the terms set forth in this Agreement.

5

1.16    Without admitting any liability or wrongdoing whatsoever, Defendants agree to the terms of this Agreement, provided that all Released Claims are settled, compromised, and released, in order to resolve all issues relating to the subject matter of the Braynen Litigation.

## 2.    DEFINITIONS

As used herein, the following terms have the meanings set forth below.

2.1.    "Administrator" or "Settlement Administrator" means a third-party agent or administrator selected by Defendants (with the consent of the Class Counsel) to help implement and effectuate the terms of this Settlement Agreement.

2.2.    "Agreement" or "Settlement Agreement" means this Stipulation and Settlement Agreement, including all exhibits thereto.

2.3.    "Attorneys' Fees and Expenses" means such funds as may be awarded to Class Counsel to compensate them (and all other attorneys for Named Plaintiffs or the Settlement Class) for their fees and all expenses incurred by Named Plaintiffs or Class Counsel in connection with the Braynen Litigation, Murray Litigation, or Hutchings Litigation.

2.4.    "Borrowers Who Were Charged But Did Not Pay And Still Owe Their LPI Premium" refers to those Settlement Class Members who were charged a Net Premium for an LPI Policy (hazard (including wind-only), flood, or flood gap) by the Nationstar Defendants during the Class Period and who still owe those charges, but who did not make one or more full monthly mortgage loan payment(s) to the Nationstar Defendants after either:  (a) their Existing Escrow Account was adjusted to charge the increased premium for the LPI Policy; or (b) their Created Escrow Account was charged the increased premium for the LPI Policy.  This definition captures all Settlement Class Members who were charged for an LPI Policy by the Nationstar Defendants during the Class Period and who still owe those charges, but who are not Borrowers Who Paid Their LPI Premium (as defined in Paragraph 2.5 below).

6

a.    "Existing Escrow Account" refers to an escrow account for a borrower that existed prior to the placement of the LPI Policy.  The Nationstar Defendants sent notice informing the borrower that the Existing Escrow Account was being adjusted to reflect the charge for the LPI Policy.

b.    "Created Escrow Account" refers to an escrow account that was created for a borrower who did not have an escrow account prior to the placement of the LPI Policy, in order for the borrower to be charged for the LPI Policy.  The Nationstar Defendants sent notice informing the borrower that the Created Escrow Account had been established to reflect the charge for the LPI Policy.

2.5.    "Borrowers Who Paid Their LPI Premium" refers to those Settlement Class Members who were charged a Net Premium for an LPI Policy (hazard, flood, flood gap, and/or wind) by the Nationstar Defendants during the Class Period and who made one or more full monthly mortgage loan payment(s) to the Nationstar Defendants after either:  (a) their Existing Escrow Account was charged for the LPI Policy; or (b) their Created Escrow Account was charged for the LPI Policy.

2.6.    "Case Contribution Award" means compensation for the Named Plaintiffs for their time and effort undertaken in the Braynen Litigation, Murray Litigation, and Hutchings Litigation.

2.7.    "Claim" means a written request for Claim Settlement Relief submitted by a Settlement Class Member to the Settlement Administrator, pursuant to the Claim Form Instructions in substantially the form of Exhibit B to this Agreement or as ultimately approved by the Court, using a Claim Form in substantially the form of Exhibit C to this Agreement or as ultimately approved by the Court.

2.8.    "Claim Deadline" means the last date by which a Claim submitted to the Settlement Administrator by a Settlement Class Member for Claim Settlement Relief must be postmarked, which shall be set by mutual agreement of the Parties to occur on a date no later than sixty (60) days after the Final Settlement Date.  All Claims postmarked on or before the Claim Deadline shall be timely, and all Claims postmarked after the Claim Deadline shall be untimely and barred from entitlement to any Claim Settlement Relief.

2.9.    Intentionally Left Blank

2.10.    "Claimant" means any Settlement Class Member who submits a Claim pursuant to this Settlement Agreement.

2.11.    "Claim Form" means the documents in the form attached as Exhibit C to this Agreement and/or as ultimately approved by the Court.

2.12.    "Claim Form Instructions" means the documents in the form attached as Exhibit B to this Agreement and/or as ultimately approved by the Court.

2.13.    "Claim Settlement Relief" means the cash award payment or credit to be made to Settlement Class Members who submit properly completed and timely Claim Forms to the Settlement Administrator pursuant to the Claim Form Instructions, and who qualify for such relief under this Settlement Agreement.

2.14.    "Class Counsel" means the law firms of Kozyak, Tropin, & Throckmorton, P.A., Podhurst Orseck, P.A., Harke Clasby & Bushman LLP.  Additional counsel representing the class and listed on the Amended Complaint includes, among others, Gilman Law LLP.

2.15.    "Class Notice" or "Notice" means the program of notice described in Section 6 of this Agreement to be provided to Settlement Class Members, including the Mail Notice and Internet site, which will notify Settlement Class Members, among other things, about their rights

to opt out and object to the Settlement, the preliminary approval of the Settlement, the manner by which to submit a Claim, and the scheduling of the Final Approval Hearing.

2.16.   "Class Period" means the period of time defined in Paragraph 3.2 below.

2.17.   "Court" means the United States District Court for the Southern District of Florida.

2.18.   "Days" means calendar days, except that, when computing any period of time prescribed or allowed by this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  Further, when computing any period of time prescribed or allowed by this Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.  All calculations of days and times shall be adjusted to permit compliance by Defendants with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715, including the notifications of appropriate regulators under 28 U.S.C. § 1715(b) and expiration of the 90-day review period in 28 U.S.C. § 1715 before the Fairness Hearing is held in the Litigation to review and approve the Settlement.

2.19.   "Defendants" mean all named defendants in the Braynen Litigation, Murray Litigation, and Hutchings Litigation, including the Nationstar Defendants and the Assurant Defendants.

a.   "The Nationstar Defendants" means Nationstar Mortgage, LLC, Harwood Service Company LLC, and Nationstar Mortgage Holdings Inc..

b.   "Assurant Defendants" means Assurant, Inc., American Security Insurance Company, Voyager Indemnity Insurance Company, and Standard Guaranty Insurance Company.

9

c.      Pursuant to Paragraph 14.1 of this Settlement Agreement, Braynen will file an amended complaint prior to the Application for Preliminary Approval that adds VIIC, SGIC, and Nationstar Mortgage Holdings Inc. as party defendants to the Braynen Litigation and adds Toni Murray and Ronald Hutchings as party plaintiffs.  The Settling Parties agree that these defendants shall be considered a "Defendant" for purposes of this Agreement.

2.20.   "Defense Counsel" means Defendants' counsel of record in the Braynen Litigation.

2.21.   "Final" with respect to the Judgment or to any award of Attorneys' Fees and Expenses means that the time for appeal or writ review has expired or, if an appeal or petition for review is taken and dismissed or the Settlement (or award of Attorneys' Fees and Expenses) is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired.  If the Judgment is set aside, modified, or overturned by the Court or on appeal, and is not fully reinstated on further appeal, the Judgment shall not become Final.

2.22.   "Final Approval" means the entry of the Judgment approving the Settlement after the Final Approval Hearing is conducted.

2.23.   "Final Approval Hearing" means the hearing held by the Court to determine whether the terms of this Agreement are fair, reasonable, and adequate for the Settlement Class as a whole, whether the Settlement should be granted final approval, and whether the Judgment should be entered.

2.24.   "Final Settlement Date" means the date on which the Judgment in this case becomes Final (as defined in Paragraph 2.21).  If no appeal has been taken from the Judgment, the Final Settlement Date means the date on which the time to appeal has expired.  If any appeal has been taken from the Judgment, the Final Settlement Date means the date on which all appeals, including petitions for rehearing, petitions for rehearing *en banc*, and petitions for

10

certiorari or any other form of review, have been finally disposed of in a manner that affirms the Judgment.

2.25.   "Judgment" means the final Order and Judgment to be entered by the Court pursuant to the Settlement and in substantially similar form as Exhibit E.

2.26.   "Last Known Coverage Amount" refers to the amount of coverage that is available and known to the Nationstar Defendants (or available and known to any of the Nationstar Defendants' agents for tracking voluntary insurance or placing LPI) from the borrower's prior voluntary insurance policy on the property securing the loan.

2.27.   "Lender-Placed" or "LPI" means the placement of hazard (including wind-only), flood, or flood gap insurance pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by the Nationstar Defendants to cover a borrower's failure to maintain the required insurance coverage on the residential property securing the loan.

2.28.   "Litigation" or "Braynen Litigation" means the action originally captioned *Braynen   v. Nationstar Mortagge, LLC*, Case No. 14-cv-20726-JAL, pending in the United States District Court for the Southern District of Florida.

2.29.   "LPI Policy" means a lender-placed residential hazard, flood, flood gap, or wind-only insurance policy placed pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by the Nationstar Defendants to cover a borrower's failure to maintain the required insurance coverage on the residential property securing the loan.

2.30.   "Mail Notice" means the "Notice" that is mailed by the Settlement Administrator to Settlement Class Members, in substantially the form attached as Exhibit A to this Agreement

11

and/or as ultimately approved by the Court.  Mail Notice shall be mailed not less than ninety (90) days before the date set by the Court for the Final Approval Hearing.

2.31.  "Named Plaintiffs" or "Plaintiffs" means Howard Braynen, Toni Murray, and Ronald Hutchings.

2.32.  "Net Premium" means the amount of premium charged to a Settlement Class Member for an LPI Policy during the Class Period less any refund paid or credited to the Settlement Class Member.

2.33.  "Notice and Administrative Costs" means the reasonable and authorized costs and expenses of disseminating and publishing the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement, including but not limited to costs and expenses associated with assisting Settlement Class Members, processing claims, escrowing funds and issuing and mailing Settlement Payments.  Notice and Administrative Costs do not include costs associated with Class Counsel's interactions with the Settlement Administrator, as detailed in Paragraph 7.4.

2.34.  "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement in accordance with Section 12 of this Agreement to be able to object to the Settlement.  The Objection Deadline shall be no later than thirty (30) days prior to the Final Approval Hearing or as the Court may otherwise direct.

2.35.  "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request for Exclusion must be filed in writing with the Settlement Administrator in accordance with Section 11 of this Agreement in order for a Settlement Class

Member to be excluded from the Settlement Class.  The Opt-Out Deadline shall be no later than thirty (30) days prior to the Final Approval Hearing or as the Court may otherwise direct.

2.36.  "Parties" means Named Plaintiffs and all Defendants in the Litigation.

2.37.  "Preliminary Approval Order" means the order in substantially similar form as Exhibit D and providing for, among other things, preliminary approval of the Settlement as fair, reasonable, and adequate; preliminary certification of the Settlement Class for settlement purposes only; dissemination of the Class Notice to the Settlement Class; and finding that the proposed Class Notice is reasonably calculated to apprise the Settlement Class Members of the pendency of the Braynen Litigation, the material terms of the proposed Settlement, and the Settlement Class Members' options and rights with respect thereto.

2.38.  "Preliminary Approval Application" means Named Plaintiff's motion for the Court to preliminarily approve the Settlement and to enter the Preliminary Approval Order, including all exhibits and documents attached thereto.  Named Plaintiff's Preliminary Approval Application shall be filed within seven (7) days after this Agreement is signed.

2.39.  "Premium" means the amount charged to a borrower by the Nationstar Defendants for an LPI Policy.

2.40.  "Refund" means the amount of money paid or credited to a borrower when an LPI Policy is cancelled.

2.41.  "Release" or "Releases" means the releases of all Released Claims by the Releasing Persons against the Released Persons, as provided for in Section 10 of the Settlement Agreement.

2.42.  "Released Claims" means all claims, actions, causes of action, law suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees

and costs, liens, judgments, demands, and any other forms of liability released pursuant to Section 10 of the Settlement Agreement.

2.43.   "Released Persons" means:  (a) Defendants and each of their respective past or present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), any direct or indirect subsidiary of any of Defendants and each of their respective past or present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities; and (b) any other insurance carriers that issued or may have issued LPI insuring real property owned by any Settlement Class Member for the Nationstar Defendants and/or for any of the Nationstar Defendants' past or present divisions, parents, subsidiaries, investors, parent companies, acquired companies, predecessors in interest, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), including, but not limited to, any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

2.44.   "Releasing Persons" means Named Plaintiffs, all Settlement Class Members who do not properly and timely opt out of the Settlement, and their respective family members, heirs, administrators, successors, and assigns.

2.45.   "Request for Exclusion" means a written request from a Settlement Class Member that seeks to exclude the Settlement Class Member from the Settlement Class and that complies with all requirements in Section 11 of this Agreement.

2.46.   "Settlement" or "Stipulation of Settlement" means the settlement set forth in this Agreement.

2.47.   "Settlement Class" or "Class" means all members of the class of borrowers in the Braynen Litigation that will be certified by the Court for settlement purposes as more fully described in Section 3.1 herein.

2.48.   "Settlement Class Member" means any member of the Settlement Class.

2.49.   "Settlement Website" means the Internet site created by the Settlement Administrator pursuant to this Agreement to provide information about the Settlement, which shall have the Uniform Resource Locator of www.BraynenSettlementInfo.com.

2.50.   "Settling Parties" means, collectively, Defendants, Named Plaintiffs, and all Releasing Persons.

3.   **CLASS DEFINITION, CLASS PERIOD AND CONDITIONS AND OBLIGATIONS RELATING TO THE EFFECTIVENESS OF THE SETTLEMENT**

3.1.   The "Settlement Class" shall be as follows:

(a)   The "Class" shall include all borrowers in the United States who, within the Class Period (as defined in Section 3.2 below), were charged by the Nationstar Defendants under a hazard, flood, flood gap or wind-only LPI Policy issued by the Assurant Defendants for residential property, and who, within the Class Period, either (i) paid to the Nationstar Defendants the Net Premium[2] for that LPI Policy or (ii) did not pay to and still owe the Nationstar Defendants the Net Premium for that LPI Policy.  Excluded from the Class are:  (i) individuals who are or were during the Class Period officers or directors of the Defendants or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers whose LPI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower or the borrower's escrow account; and, (iv) all borrowers who file a timely and proper request to be excluded from the Class.

---

[2] "Net Premium" means the amount of premium charged to a Class Member for an LPI Policy during the Class Period less any refund paid or credited to the Class Member.

3.2    The "Settlement Class Period" shall commence on January 1, 2008 and shall continue through and including the date of the Preliminary Approval Order preliminarily approving the settlement.

3.3    This Settlement Agreement is expressly contingent upon the satisfaction, in full, of the material conditions set forth below.

3.4.    <u>Condition No. 1: District Court Approval</u>.  The Settlement must be approved by the Court in accordance with the following steps:

3.4.1.  <u>Application for Preliminary Approval of Proposed Settlement, Class Certification, and Class Notice</u>.  After good faith consultation with counsel for Defendants, Class Counsel will present a Preliminary Approval Application to the Court within 7 (seven) days of this Agreement.  The Preliminary Approval Application shall include a Class Notice, in substantially similar form as Exhibit A, and a Preliminary Approval Order, in substantially similar form as Exhibit D.  The Settling Parties shall, in good faith, take reasonable steps to secure expeditious entry by the Court of the Preliminary Approval Order and shall request that the Court schedule a Final Approval Hearing no earlier than ninety (90) days after the service of the required Notices under 28 U.S.C. § 1715.

3.4.2.  <u>Settlement Class Certification</u>.    In connection with the proceedings on Preliminary and Final Approval of the proposed Settlement, the Named Plaintiffs shall seek orders (preliminary and final, respectively) certifying the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of this Settlement only.

3.4.3.  <u>Entry of Preliminary Approval Order</u>.  The Court shall enter a Preliminary Approval Order in substantially similar form as Exhibit D, which shall, among other things:

a.      Certify for purposes of settlement a nationwide Settlement Class, approving the Named Plaintiffs as class representatives and appointing Class Counsel, pursuant to Fed. R. Civ. P. 23;

b.      Preliminarily approve the Settlement as fair, reasonable and adequate;

c.      Order the issuance of Class Notice to the Settlement Class, and determine that such Notice complies with all legal requirements, including, but not limited to, the Due Process Clause of the United States Constitution;

d.      Schedule a date and time for a Final Approval Hearing to determine whether the Preliminary Approval Order should be finally approved by the Court;

e.      Require Settlement Class Members who wish to exclude themselves to submit an appropriate and timely written request for exclusion by the Opt-Out Deadline, as directed in the Settlement Agreement and Class Notice, and advise that a failure to do so shall bind those Settlement Class Members who remain in the Settlement Class;

f.      Require Settlement Class Members who wish to object to the Settlement Agreement to submit an appropriate and timely written statement by the Objection Deadline, as directed in the Settlement Agreement and Class Notice, and advise that a failure to do so shall prevent those Settlement Class Members from doing so;

g.      Require attorneys representing any Settlement Class Member, at the Class Member's expense, to file a notice of appearance;

h.      Authorize the Settling Parties to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement; and

i.      Issue related orders to effectuate the preliminary approval of the Settlement Agreement.

17

3.4.4.   <u>Issuance of Class Notice</u>.  Pursuant to the Preliminary Approval Order to be entered by the Court, the Settlement Administrator shall cause the Class Notice to be issued in accordance with Section 6 below.

3.4.5.   <u>Final Approval Hearing</u>.  In connection with the Preliminary Approval Application, the Settling Parties shall request that the Court schedule and conduct a hearing after dissemination of Class Notice, at which it will consider whether the Settlement is fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, Named Plaintiffs, after good faith consultation with counsel for all Defendants, shall request that, on or after the Final Approval Hearing, the Court:  (i) enter the final Judgment, granting Final Approval of the Settlement and dismissing with prejudice this Litigation; (ii) determine the legal fees and expenses that should be awarded to Class Counsel as contemplated in the Settlement Agreement; and (iii) determine the Case Contribution Award, if any, that should be awarded as contemplated by the Settlement Agreement.  Any application for Attorneys' Fees and Expenses shall be made at least forty-five (45) days prior to the Final Approval Hearing.  The Settling Parties agree to support entry of final Judgment.  The Settling Parties will reasonably cooperate with one another in seeking entry of the final Judgment.

3.5.   <u>Condition No. 2:  Finality of Judgment</u>.  The Court shall enter a final Judgment in substantially similar form as Exhibit E.  The final Judgment must be Final in accordance with Paragraph 2.21 above, and shall, among other things:

a.   Find that (1) the Court has personal jurisdiction over all Settlement Class Members; (2) the Court has subject matter jurisdiction over the claims asserted in this Litigation; and (3) venue is proper;

b.   Finally approve the Settlement Agreement, pursuant to Fed. R. Civ. P. 23, as fair, reasonable, and adequate;

18

    c.      Finally certify the Settlement Class for settlement purposes only;

    d.      Find that the form and means of disseminating the Class Notice complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;

    e.      Enter final Judgment with respect to the claims of all Settlement Class Members and dismiss the claims of all Settlement Class Members and the Braynen Litigation with prejudice;

    f.      Make the Releases in Section 10 of the Settlement Agreement effective as of the date of the final Judgment;

    g.      Permanently bar and enjoin Named Plaintiffs and all Settlement Class Members who have not opted out of the settlement, from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto;

    h.      Permanently bar and enjoin Named Plaintiffs and all Settlement Class members who have not opted out of the settlement from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto;

    i.      Find that, by operation of the entry of the Judgment, Named Plaintiffs and all Settlement Class Members shall be deemed to have forever released, relinquished, and discharged the Released Persons from any and all Released Claims, including all claims arising

out of, relating to, or in connection with the initiation, settlement, prosecution, or dismissal of the Braynen Litigation.

        j.     Authorize the Settling Parties to implement the terms of the Settlement Agreement;

        k.     Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the final Judgment, and for any other necessary purpose; and

        l.     Issue related orders to effectuate the Final Approval of the Settlement Agreement and its implementation.

## 4. SETTLEMENT CONSIDERATION, BENEFITS, AND OTHER RELIEF

4.1.    In consideration for the Releases set forth in Section 10, Defendants will provide the following benefits.

4.2.    <u>Injunctive Relief Relating to the Nationstar Defendants</u>.

4.2.1.  Subject to Paragraph 4.4 below, and commencing no later than one hundred and twenty (120) days after the Final Settlement Date, and continuing for a period of five (5) years thereafter, Nationstar Mortgage, LLC ("Nationstar") agrees to the following restrictions with respect to the placement of LPI:

        (i)     Nationstar will not receive commissions as a result of the placement of LPI.

        (ii)     Nationstar will not enter into any quota share reinsurance arrangements on new or renewal LPI policies.

        (iii)    Nationstar will not accept payments from any LPI insurer or LPI vendor for any administrative or other service associated with LPI.

        (iv)    Nationstar will not place LPI through an insurer or vendor affiliated with Nationstar.

(v)   LPI policies shall be dual interest for any coverage for which Nationstar attempts to recoup from borrowers the LPI premiums paid by Nationstar to the LPI insurer; "dual interest" means that the borrower shall have the right to file a claim under the policy.

(vi)   If Nationstar elects to place insurance on a borrower's property, unless otherwise required by law or contractual agreement, hazard LPI coverage shall be established at the Last Known Coverage Amount under the borrower's prior voluntary policy[3] ("LKCA") or, if the LKCA is unavailable to Nationstar at the then-unpaid principal balance of the loan, but not to exceed replacement cost value, if known to Nationstar.

(vii)   If the borrower's voluntary policy will lapse because of non-payment of premium, and if Nationstar elects to place insurance on said borrower's property, Nationstar will advance funds to maintain the borrower's voluntary policy in force, provided that:  (a) the loan is escrowed for insurance with Nationstar; (b) the borrower has provided Nationstar with written authorization allowing Nationstar to purchase or renew the insurance policy on the borrower's behalf; and (c) Nationstar receives a written or other notice stating that the voluntary insurance premiums have not been paid by the borrower and identifying the amount of the premiums for the borrower's existing policy.  The borrower shall be responsible for all funds advanced pursuant to the escrow agreement between the borrower and Nationstar.

(viii)   Nationstar agrees to credit the borrower's account with any LPI refund within fifteen (15) days of receipt of evidence of voluntary insurance coverage which complies with Nationstar's insurance requirements.

4.2.2.  The above provisions set forth in Section 4.2.1. shall also apply to current affiliates of Nationstar, including Harwood Service Company, LLC ("Harwood").  However, if,

---

[3] "Voluntary policy" refers to a homeowners, flood or wind insurance policy chosen by a borrower as opposed to insurance coverage provided by an LPI policy.

in the future, Harwood or another entity is no longer affiliated with Nationstar, then the above provisions shall no longer apply to such former affiliates.

    4.3.   <u>Injunctive Relief Relating to the Assurant Defendants</u>.

      4.3.1   Subject to Paragraph 4.4 below, and commencing no later than 120 days after the Final Settlement Date, American Security Insurance Company ("ASIC"), Standard Guaranty Insurance Company ("SGIC"), and Voyager Indemnity Insurance Company ("VIIC") shall for a period of five (5) years thereafter, not provide any of the following to Nationstar or affiliates:

    (i)    Hazard LPI commissions to Nationstar; provided however, ASIC, SGIC and VIIC shall be free to pay commissions to licensed agents not affiliated with Nationstar;

    (ii)    LPI quota share reinsurance arrangements with Nationstar; provided however, ASIC, SGIC and VIIC shall be free to contract for reinsurance arrangements with parties not affiliated with Nationstar;

    (iii)    Payments from ASIC, SGIC or VIIC to Nationstar for any administrative or other service associated with hazard LPI or other LPI-related services; provided however, ASIC, SGIC and VIIC shall be free to pay for administrative or other services associated with hazard LPI or other LPI-related services to parties not affiliated with Nationstar;

    (iv)    Accept payments from Nationstar for below-cost or free outsourced services provided by ASIC, SGIC or VIIC to Nationstar in connection with hazard LPI; provided however, that outsourced services do not include expenses associated with tracking functions that ASIC, SGIC or VIIC incur for their own benefit to identify and protect themselves from: (a) exposure to lost premium and losses on properties on which no other insurance coverage is in effect; or (b) administrative costs associated with providing and subsequently canceling LPI on properties on which LPI is not required.

4.4     The prohibitions and requirements set forth in subsections 4.2.1. and 4.3.1. (above) shall not preclude ASIC, SGIC VIIC, or any other insurance producer from reimbursing "implementation expenses" incurred by a Servicer, including Nationstar, nor shall such prohibitions and requirements preclude Nationstar from accepting reimbursement for implementation expenses.  For purposes of the preceding, "implementation expenses" means those expenses that are demonstrably and directly related to the implementation of a servicer's, including Nationstar's LPI program, including but not limited to:

(i)     Identifying Servicer and ASIC, SGIC, VIIC, or any other insurance producer processes and system requirements;

(ii)    Allocating and assigning resources to be dedicated to the conversion/implementation to ASIC, SGIC VIIC, or any other insurance producer;

(iii)   Developing project documentation;

(iv)    Developing the project schedule and controls to manage against the Schedule;

(v)     Designing, testing and implementation of information technology systems and interfaces needed to exchange information necessary for the effectiveness of ASIC, SGIC, VIIC, or any other insurance producer's LPI program;

(vi)    Diverting mail, telephone, facsimile and web-based communications;

(vii)   Testing accuracy and quality of project deliverables;

(viii)  Training staff on ASIC, SGIC, VIIC, or any other insurance producer's product and processes;

(ix)    Establishing specific controls to monitor ASIC, SGIC, VIIC, or any other insurance producer's service to ensure it meets documented requirements; and

(x)     Any similar activity related to the implementation of ASIC, SGIC, VIIC, or any other insurance producer's LPI program at program inception.

23

4.4.1   "Implementation expenses" that are reimbursed must be supported by documentary or other physical or electronic evidence (such as, but not limited to invoices, work orders or the like) of their expenditure by the mortgage servicer. Such expenses must bear a direct relationship to the implementation of ASIC, SGIC, VIIC, or any other insurance producer's LPI program at program inception.

4.5   <u>Conflict</u>. Should any provision of Sections 4.2 or 4.3 conflict or be inconsistent with any existing or subsequently adopted state or federal statute, regulation, rule, order or regulatory directive, or any existing or subsequently adopted agency or investor rule or requirement, such statute, regulation, rule, order, regulatory directive or requirement shall control.  In that event, the Stipulation of Settlement and any Final Judgment confirming the Stipulation of Settlement shall be deemed amended to conform to such statute, regulation, rule, order, requirement, or regulatory directive.  Nationstar, ASIC, SGIC and VIIC shall not be liable for engaging in any practice or failing to engage in any practice during the 5-year period for a prospective prohibitory relief where such conduct was authorized by state or federal statute, regulation, rule, order or regulatory directive or by any investor rule or requirement.

4.6.   <u>Settlement Monetary Consideration</u>.   Those Settlement Class Members who submit a timely, valid, and verified Claim Form, substantially in the form of Exhibit C, by the Claim Deadline in the manner required by this Settlement Agreement, shall receive Claim Settlement Relief under the following terms and conditions.

4.6.1.   <u>Overview</u>.   There will be two categories of Claim Settlement Relief available to Settlement Class Members, with differing claim requirements: (1) Settlement Class Members who are Borrowers Who Were Charged But Did Not Pay And Still Owe Their LPI Premium; and (2) Settlement Class Members who are Borrowers Who Paid Their LPI Premium. As reflected in the Claim Form (Exhibit C), Claimants making Claims must check a box on the

24

Claim Form representing and affirming that they qualify for one of these two categories (and for one of the categories meet certain additional identity confirmation requirements).

      4.6.2.   <u>Credit or Payment to Borrowers Who Were Charged But Did Not Pay And Still Owe Their LPI Premium</u>.  For those Borrowers Who Were Charged But Did Not Pay And Still Owe Their LPI Premium who submit a timely, valid, and verified Claim Form, Defendants shall have the option, at their discretion, of either crediting to the mortgage escrow account for the Settlement Class Member's loan at issue, or paying to that Settlement Class Member via check, an amount equal to 12.5% of the Net Premium charged to the Settlement Class Member during the Class Period for the LPI policy by the Nationstar Defendants.

      4.6.3.   <u>Payment to Borrowers Who Paid Their LPI Premium</u>.   For those Borrowers Who Paid Their LPI Premium who submit a timely, valid, and verified Claim Form, Defendants shall pay to each such Settlement Class Member via check an amount equal to 12.5% of the Net Premium charged to the Settlement Class Member during the Class Period for the LPI policy by the Nationstar Defendants.

## 5.   RETENTION OF SETTLEMENT ADMINISTRATOR AND COSTS

    5.1.   All Notice and Administrative Costs will be paid by Defendants.[4]

    5.2.   The Settlement Administrator shall administer the Settlement in a cost-effective and timely manner.  Without limiting any of its other obligations as stated herein, the Settlement Administrator shall be responsible for Mail Notice, administration of Claim Settlement Relief, and providing all other related support, reporting, and administration as further stated in this Agreement. Defendants may direct the Settlement Administrator to assist with various

---

[4] With the single exception that Class Counsel will be paying for the cost for the Settlement Administrator to have a live operator to handle Class Member's calls.

additional administrative tasks in implementing the Settlement as Defendants shall deem appropriate in their sole discretion.

5.3.    Defendants will coordinate with the Settlement Administrator to provide Mail Notice to the Settlement Class, as provided in this Settlement Agreement.   Because the information about Settlement Class Members that will be provided to the Settlement Administrator will consist of confidential information, non-public personal information, and other information protected by privacy laws, the Settlement Administrator will execute a non-disclosure agreement and will take all reasonable steps to ensure that any information provided to it by Defendants will be used solely for the purpose of effecting this Settlement.   Any such information provided to the Settlement Administrator will not be provided to Named Plaintiff or Class Counsel, except as permitted by Paragraph 7.4.   The Settlement Administrator shall administer the Settlement in accordance with the terms of this Settlement Agreement and, without limiting the foregoing, shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except as provided for in this Settlement Agreement or by court order.

5.4.    <u>W9 Forms</u>.   The Settlement Administrator shall complete and provide to Defendants any W9 forms necessary for Defendants to pay for the Notice and Administrative Costs and to otherwise implement this Settlement.

**6.    NOTICE TO THE CLASS**

6.1.    **Mail Notice:** Subject to the requirements of the Preliminary Approval Order, Notice to those members of the Settlement Class for whom the electronic records of Nationstar reflect a last known mailing address, shall be by means of separate first class mailings to those

names and addresses. The Notices shall be mailed not less than ninety (90) days before the date set by the Court for a Fairness Hearing regarding the settlement. The Mail Notice of Class Action, Proposed Settlement, Fairness Hearing, Right to Appear, Instructions and Class Action Claim Form shall detail how those Class members so desiring may opt out or object to the settlement, and how members of the Class may make a claim for settlement relief as described in Section 4.5 above. The Mail Notice shall include Instructions and a Claim Form described in Section 7 of this Settlement Agreement, in the forms of Exhibits A, B, and C, attached, (provided that the font size, folding, and other printing elements or presentation may be adjusted to accommodate a booklet format and for efficient envelope and postage considerations). The parties shall also prepare a Spanish-language translation of the Mail Notice, Claim Instructions, and Claim Form, to be mailed to all Class Members together with the English language version. After posting of the Mail Notice by the Settlement Administrator with the United States Postal Service, for any Mail Notices returned as undeliverable, the Settlement Administrator shall utilize the National Change of Address database (the "NCOA") in an attempt to obtain better addresses for such returned Notices, and should the NCOA show a more current address, the Settlement Administrator shall post the returned Mail Notice to the more current address; *provided however*, if a determination is made in good faith by the Settlement Administrator that it is not possible to further update any particular Class Member's address(es) in sufficient time to repost the Class Notice(s) at least twenty (20) days before the scheduled Fairness Hearing, then the Settlement Administrator need make no further efforts to provide further Mail Notice to such person(s).

6.2    **Internet Site:**  No later than the posting of the Mail Notice, the Settlement Administrator shall establish an Internet site which shall contain copies of the Stipulation of Settlement and Exhibits and the Mail Notice.  The Internet site shall also contain Instructions

27

and a Class Action Claim Form which may be downloaded or printed from the Internet site. The Internet site shall have a Uniform Resource Locator which identifies the Internet site as the www.BraynenSettlementInfo.com site. The Internet site shall remain open and accessible through the last day for Class Members to submit a Claim for Settlement Relief. Class Members may upload and file their claim forms through the website.

6.3    **Publication:** A similar but abbreviated Summary Publication Notice of Class Action, Proposed Settlement, Fairness Hearing, and Right to Appear shall be published not less than forty-five (45) days before the date set by the Court for Fairness Hearing regarding this Settlement, which abbreviated Summary Publication Notice shall not be less than 1/8 page in size, and shall be published once in *USA Today* (on a date falling on Monday through Thursday). The abbreviated Summary Publication Notice shall detail how those Class members so desiring may opt out or object to the settlement, and how Class members may access an internet address where they may download a Claim Form necessary to make a Claim for Settlement Relief, and toll-free phone number where they may call to request further information on the Settlement. The form of the Summary Publication Notice shall be agreed upon by the Parties, and the font size, layout, and other presentation elements shall be adjusted to accommodate publication considerations.

6.4.    Claim Form. As reflected in Exhibits B and C, for Settlement Class Members (both Borrowers Who Were Charged But Did Not Pay And Still Owe Their LPI Premium and Borrowers Who Paid Their LPI Premium) to submit a valid Claim, they must provide all of the following information and make the following written affirmations on the Claim Form: (a) Claimant's current address, phone number, date of birth, and the last four numbers of Claimant's Social Security Number; (b) that Claimant is or was during the Class Period listed as an insured

28

or additional named insured under an LPI Policy insuring improvements to the Claimant's real property; (c) that Claimant was charged by The Nationstar Defendants a Net Premium for his or her LPI Policy; (d) that since the issuance of the LPI Policy, Claimant has not filed a Petition under Chapter 7 of the United States Bankruptcy Code, and the Claimant's indebtedness on their residence secured by their deed of trust or mortgage has not been compromised or discharged in bankruptcy; and (e) that Claimant attests and affirms all of the foregoing information under the following declaration: "I declare (or certify, verify, or state) under penalty of perjury that the information provided by me on this Claim Form is true and correct." A separate Claim Form must be submitted for each LPI Policy for which the Settlement Class Member seeks Claim Settlement Relief. All insureds or named insureds on the LPI Policy must complete and sign the Claim Form.

6.4.1. In order for Borrowers Who Paid Their LPI Premium to submit a valid Claim, they must make the affirmations set forth in Paragraph 6.2 and also confirm their identity by one of the following methods:

a.      The signature of a witness who is 18 years of age or older representing and affirming that they have witnessed the Claimant sign the Claim Form, and this witness affirmation shall include the following: "I declare (or certify, verify, or state) under penalty of perjury that I witnessed the signing of this Claim Form by the Claimant and the foregoing is true and correct;" or

b.      Provide a copy of a form of identification that contains a signature and photograph of the Claimant; or

c.      Provide a copy of a Nationstar Mortgage Statement issued to the Claimant; or

d.      Provide a notarial signature affirming that the Claimant executed the Claim Form making the required affirmations under oath in the presence of the notary, and bearing evidence of the notarial authority in compliance with the law of the state in which it is being executed (*e.g.*, a seal, *etc.*).

6.5.    Time for Notice.  For those Settlement Class Members for which Defendants' electronic records reflect a last-known mailing address, the Mail Notice shall be mailed by first-class mail not less than ninety (90) days before the date set by the Court for a Final Approval Hearing regarding the Settlement.

7.    **CLAIM FILING, REVIEW, AND APPROVAL PROCESS**

7.1.    Claim Filing Process.  Settlement Class Members shall be permitted to make a Claim for Claim Settlement Relief by mailing (either through posting with the United States Postal Service or through a private mail carrier, such as UPS or Federal Express, provided that proof of the mail date is reflected on the label of the mailing) a written Claim Form providing the information, affirmations, and where appropriate, the identity confirmation required in Paragraph 6.2.1 above, to the Settlement Administrator, on a date no later than the Claim Deadline.  In addition, a written Claim Form will be available on the Settlement Website for Settlement Class Members to download or print out and mail to the Settlement Administrator pursuant to this Section.  Settlement Class Members will be permitted to upload and file completed Claims Forms through the website.  Any Settlement Class Member who does not mail, or properly upload, a completed Claim Form by the Claim Deadline shall be deemed to have waived any claim to Claim Settlement Relief and any such Claim Settlement Form will be rejected.

7.2.   <u>Claim Review Process.</u>   Following approval of the Settlement at the Final Approval Hearing, the Settlement Administrator shall confirm that each Claim Form submitted is in the form required, that each Claim Form includes the required affirmations, information, and, where appropriate, identity confirmation detailed in Paragraph 6.2.1 above, that each Claim Form was submitted in a timely fashion, and that the Claimant is a member of the Settlement Class.   Full compliance with the requirements of Section 6 and the Claim Form shall be necessary for the submission of a valid Claim, and the absence of any of these requirements shall invalidate the proffered Claim.   All such Claim criteria shall be strictly enforced.   Any Claimant's failure to provide any of the required affirmations, information, or where appropriate, identity confirmation on the Claim Form, shall result in the putative Claim being deemed invalid, and no Settling Defendant (or any other Defendant) shall have any further obligation to process or make any settlement payment or account credit on such invalid Claim. The Settlement Administrator shall not receive any incentive for denying claims.

7.2.1.  To aid in the completion and processing of Claims, the Settlement Administrator shall establish a toll-free interactive voice response phone number with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the language contained in the Notice and Claim Form.   The phone number shall remain open and accessible through the last day for Settlement Class Members to submit a Claim.   The Settlement Administrator shall also provide for a live person to answer any Class Member questions or concerns. Class Counsel will pay the costs for this live operator.  The Settlement Administrator shall make reasonable provision for Class Counsel to be promptly advised of any Class members' concerns which the live operator cannot answer or any recorded messages left on the phone number by Settlement Class Members concerning the Braynen Litigation and/or this Settlement which cannot be handled appropriately by the

31

Settlement Administrator's live operator so that Class Counsel may timely and accurately respond to such inquiries.

7.3.   Claim Payment.   Upon confirmation by the Settlement Administrator that the Claim Form is valid, the Settlement Administrator shall make a determination as to the amount of the Claim in accordance with the Net Premium information appearing in the Defendants' electronic records and the formula for providing the Claim Settlement Relief set forth in Paragraph 4.5 (including Paragraphs 4.5.1, 4.5.2, and 4.5.3) above.

7.3.1.   Right to Audit.   Defendants shall have the right to audit each Claim Form, including reviewing the individual loan and/or insurance files for each Claimant who submits a Claim Form.   If Defendants' audit reveals that a Claim Form contains inaccurate information, Defendants shall notify the Settlement Administrator as to the inaccuracy of the Claim prior to the deadline for processing the Claim pursuant to Paragraphs 7.3.3 and 7.3.4 below, while also providing written notification of the inaccurate Claim to Class Counsel.   At Defendants' discretion, the Claim shall be processed in accordance with the information from Defendants' records (rather than the inaccurate information on the Claim Form), and may, if necessary, be denied.   Defendants shall complete their audit of Claims no later than one-hundred and fifty days (150) days after the Final Settlement Date, and shall have the right to request from the Settlement Administrator any and all information necessary to conduct and complete their audit.

7.3.2.   Notification.   Within ninety (90) days after the Final Settlement Date, the Settlement Administrator shall provide the Settling Parties with a list of all Settlement Class Members who filed a Claim, whether the Claim was rejected or accepted, and if rejected, the reason it was rejected, and if accepted, the amount to be paid by the Defendants or to be credited

by the Nationstar Defendants to the Claimant's escrow account.  The Parties will use their best efforts to amicably resolve any dispute about the processing of any Claim.

       7.3.3.  <u>Claimants who are Borrowers Who Paid Their LPI Premium</u>.  The Settlement Administrator shall have one hundred eighty (180) days after the Final Settlement Date within which to process the Claims and remit the appropriate amounts by check to the Claimants who are Borrowers Who Paid Their LPI Premium.  Any check that is remitted to a Claimant who falls within the group of Borrowers Who Paid Their LPI Premium and that is not negotiated within ninety (90) days after issuance shall be cancelled (the checks shall state "void after 90 days"), and Defendants shall not have any further obligation to continue efforts to distribute Claim Settlement Relief to such Claimant.  The Settlement Administrator shall refund to the Defendants all funds on deposit to fund checks that become "void after 90 days."  No interest shall be included as an element of, or be payable or paid on, any claimed amount.

       7.3.4.  <u>Claimants who are Borrowers Who Were Charged But Did Not Pay And Still Owe Their LPI Premium</u>.  The Defendants shall have one hundred eighty (180) days after the Final Settlement Date within which to either credit the appropriate amount to the escrow accounts of Claimants who are Borrowers Who Were Charged But Did Not Pay And Still Owe Their LPI Premium or to cause the Settlement Administrator to issue checks in the appropriate amount, in the sole discretion of Nationstar.  No interest shall be included as an element of, or be payable or paid, on any credited amount.

       7.3.5.  <u>Funding</u>.  Defendants shall fund all amounts required by the Settlement Administrator for distribution of Claim Settlement Relief to Claimants.

     7.4.  <u>Information Available to Class Counsel.</u>  Class Counsel shall have the right to interact directly with the Settlement Administrator regarding the administration of this Settlement provided that:  (a) Class Counsel pay for any costs associated with such interactions;

and (b) Defendants are notified of all such interactions.  Upon the reasonable request of Class Counsel, the Settlement Administrator shall inform Class Counsel, among other things and with the exception of confidential information, non-public personal information, and other information protected by privacy laws, of the amount of any Settlement Class Member's LPI premium associated with a Claimant's LPI Policy reflected in the electronic information provided to the Settlement Administrator by Defendants.  Nothing in this Paragraph or this Settlement Agreement shall authorize the Settlement Administrator to disclose to Class Counsel any confidential information, non-public personal information, and other information protected by privacy laws.

**8.      COVENANTS**

The Settling Parties covenant and agree as follows:

8.1.      <u>Covenants Not to Sue</u>.  Named Plaintiffs and the Settlement Class covenant and agree:  (i) not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances relating thereto, against any of the Released Persons; (b) not to organize or solicit the participation of Settlement Class Members in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (c) that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the Released Persons.

8.2.      <u>Cooperation</u>.  The Settling Parties agree to cooperate reasonably and in good faith with the goal of obtaining entry of a final Judgment as quickly as is reasonably practicable and expeditiously reaching agreement on the matters requiring mutual agreement as set forth in this

Settlement Agreement, including, but not limited to, the expeditious agreement to the terms of all class notice documents and settlement administration protocols, and the preparation and execution of all other reasonable documents necessary to achieve Final Approval of the Settlement by the Court.  Further, the Settling Parties shall consult with mediator Rodney Max as necessary in effectuating this Paragraph.

**9.      REPRESENTATIONS AND WARRANTIES**

9.1.      <u>Representations and Warranties.</u>

9.1.1.   Named Plaintiffs represent and warrant that they are the sole and exclusive owner of all Released Claims and that they have not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Persons, and further covenant that they will not assign or otherwise transfer any interest in any of Named Plaintiffs' Released Claims.

9.1.2.   Named Plaintiffs represent and warrant that they have no surviving claim or cause of action against any of the Released Persons with respect to any of the Released Claims.

9.2.      <u>The Settling Parties' Representations and Warranties</u>.  The Settling Parties, and each of them on his, her, or its own behalf only, represent and warrant:

9.2.1.   That they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations among their counsel, that in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which

relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Settlement Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any party to the Settlement Agreement. Each of the Settling Parties assumes the risk of mistake as to facts or law.

## 10.    RELEASES

10.1.  <u>Released Claims of Settlement Class.</u>  Upon the Final Settlement Date, each member of the Settlement Class, other than the Named Plaintiffs, shall, by operation of the final Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have on or before the Final Settlement Date or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Litigation or that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning LPI Policies placed or charged by the Nationstar Defendants during the Class Period.

10.1.1. The Release in Paragraph 10.1 shall include, but not be limited to, all claims related to charges for the Nationstar Defendants' placement of LPI Policies during the Class Period; Nationstar's insurance requirements; the relationship, whether contractual or

36

otherwise, between the Nationstar Defendants and the Assurant Defendants regarding LPI, including, but not limited to, the procuring, underwriting, placement, insurance tracking, or costs of LPI Policies; the coverage amount, duration, issue date, alleged "backdating," or alleged excessiveness of any LPI Policies placed or charged by the Nationstar Defendants; the payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any LPI Policies placed or charged by the Nationstar Defendants; any alleged "tying" arrangement involving the Nationstar Defendants and LPI; any alleged breach of fiduciary duty by the Nationstar Defendants concerning LPI Policies; any alleged tortious interference by the Assurant Defendants with mortgage contracts serviced by the Nationstar Defendants; the disclosure or non-disclosure of any payment, expenses, fees, charges, or feature pertaining to or under any LPI Policies placed or charged by the Nationstar Defendants; the receipt or non-disclosure of any benefit under any LPI Policies placed or charged by the Nationstar Defendants; the content, manner, or accuracy of any communications regarding the placement of any LPI Policies by the Nationstar Defendants; and to the regulatory approval or non-approval of any LPI Policy, or the premium thereon, placed or charged by the Nationstar Defendants.

      10.1.2. The Release in Paragraph 10.1 shall not cover claims arising after the Final Settlement Date, or claims for benefits made under any LPI Policy placed or charged by the Nationstar Defendants.  Nothing in Paragraph 10.1 shall be deemed a release of any Settlement Class Member's respective rights and obligations under this Agreement.

      10.1.3. Except to the extent that any such obligation is being released pursuant to Paragraph 10.1, this Settlement Agreement shall not release Defendants from any existing obligation to any Settlement Class Member, other than Named Plaintiffs, under any loan, note,

mortgage, or deed of trust.  This provision is not meant to and does not limit the Release in Paragraph 10.1.

10.2.   <u>Released Claims of Named Plaintiffs</u>.  Upon the Final Settlement Date, Named Plaintiffs, on behalf of themselves, their family members, heirs, guardians, assigns, executors, administrators, predecessors, and successors, hereby release and discharge the Released Persons from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that the Named Plaintiffs may have on or before the Final Settlement Date or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source.  In agreeing to this Release, Named Plaintiffs explicitly acknowledge that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity.

10.2.1. The Release in Paragraph 10.2 shall include, but not be limited to, all claims related to charges for the Nationstar Defendants' placement of the LPI Policies by the Assurant Defendants; Nationstar's insurance requirements; the relationship, whether contractual or otherwise, between the Nationstar Defendants and the Assurant Defendants regarding LPI, including, but not limited to, the procuring, underwriting, placement, insurance tracking, or costs of LPI Policies; the coverage amount, duration, issue date, alleged "backdating," or alleged excessiveness of any LPI Policies placed or charged by the Nationstar Defendants; payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any LPI Policies placed or charged by the Nationstar Defendants; any

38

alleged "tying" arrangement involving the Nationstar Defendants and LPI; any alleged breach of fiduciary duty by the Nationstar Defendants concerning LPI Policies; any alleged tortious interference by Assurant Defendants with mortgage contracts serviced by the Nationstar Defendants, to the extent related to LPI; the disclosure or non-disclosure of any payment, expenses, fees, charges, or feature pertaining to or under any LPI Policies placed or charged by the Nationstar Defendants; the receipt or non-disclosure of any benefit under any LPI Policy placed or charged by the Nationstar Defendants; the content, manner, or accuracy of any communications regarding the placement of any LPI Policy by the Nationstar Defendants; and the regulatory approval or non-approval of any LPI Policy, or the premium thereon, placed or charged by the Nationstar Defendants during the Class Period.

10.2.2. This Release in Paragraph 10.2 shall not cover claims arising after the Final Settlement Date or claims for benefits made under any LPI Policy placed or charged by the Nationstar Defendants.   Nothing in Paragraph 10.2 shall be deemed a release of Named Plaintiff's respective rights and obligations under this Agreement.

10.2.3. The Named Plaintiffs and Class Counsel further represent that there are no outstanding liens or claims against the Braynen Litigation, it being recognized that the Named Plaintiffs will solely be charged with the responsibility to satisfy any other liens or claims asserted in the Braynen Litigation.

10.3.   Without in any way limiting their scope, these Releases cover by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, or any other fees, costs, and/or disbursements incurred by Class Counsel, the Named Plaintiffs, or any Settlement Class Members in connection with or related in any manner to the Braynen Litigation, Murray Litigation, or Hutchings Litigation, the

settlement of the Braynen Litigation, the administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in the Settlement Agreement.

10.4.   In connection with the foregoing Releases, the Named Plaintiffs and each Settlement Class Member shall be deemed, as of the entry of the final Judgment, to have waived any and all provisions, rights, benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

To the extent that anyone might argue that these principles of law are applicable— notwithstanding that the Settling Parties have chosen Florida law to govern this Settlement Agreement—the Named Plaintiffs hereby agree, and each Settlement Class Member will be deemed to agree, that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released.  The Named Plaintiffs recognize, and each Settlement Class Member will be deemed to recognize, that, even if they may later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the final Judgment, they fully, finally, and forever settle and release any and all claims covered by these Releases.   The Settling Parties acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

10.5.   This Agreement and the Releases herein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section 11 of this Settlement Agreement.

10.6.   The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court.   The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases contained in the Agreement.   The Court shall retain jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

10.7.   Upon issuance of the final Judgment: (i) the Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out) in accordance with the terms and provisions hereof; (ii) the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s); (iii) Settlement Class Members who have not opted out shall be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (iv) Settlement Class Members who have not opted out shall be permanently barred and precluded from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

41

10.8.   Nothing in this Settlement Agreement and Releases shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein.   The Releases set forth herein are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained herein.

## 11.   OPT-OUT RIGHTS

11.1.   A Settlement Class Member who wishes to opt out of the Settlement Class must do so in writing.   In order to opt out, a Settlement Class Member must complete and send to the Settlement Administrator, at the address listed in the Class Notice and on the Settlement Website for this Settlement, a Request for Exclusion that is postmarked no later than the Opt Out Deadline, as specified in the Class Notice (or as the Court otherwise requires).   The Request for Exclusion must:   (a) identify the case name; (b) identify the name and address of the Settlement Class Member; (c) be personally signed by the Settlement Class Member requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in the Braynen Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in the Braynen Class Action."   Mass or class opt outs shall not be allowed.

11.1.1. Any Settlement Class Member who does not opt out of the Settlement in the manner described herein shall be deemed to be part of the Settlement Class, and shall be bound by all subsequent proceedings, orders, and judgments.

11.1.2. A Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this Section (Section 11), even if the Settlement Class Member desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Persons, or (b) is, or becomes, a putative or actual class member in any other class action filed against any of the Released Persons.

42

11.2.    Any Settlement Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under, or be affected by, the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Settlement.

11.3.    The Settlement Administrator shall provide Class Counsel and Defense Counsel with a list of all timely Requests For Exclusion within seven (7) business days after the Opt Out Deadline.

11.4.    If the number of Settlement Class Members who properly and timely exercise their right to opt out of the Settlement Class exceeds five percent (5%) of the total number of Settlement Class Members, the Settling Parties stipulate and agree that Defendants shall have the right to terminate this Agreement without penalty or sanction.

11.5    Except for those Settlement Class Members who timely and properly file a Request for Exclusion in accordance with Section 11, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Final Settlement Date, will be bound by its terms, regardless of whether they receive any monetary relief or any other relief.

12.    **OBJECTIONS**

12.1.    <u>Overview</u>.  Any potential Settlement Class Member who does not opt out of the Settlement may object to the Settlement.  To object, the Settlement Class Member must comply with the procedures and deadlines in this Agreement.

12.2.    <u>Process</u>.  Any potential Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order.  The written objection must be filed with the Clerk of

Court, and mailed (with the requisite postmark) to Class Counsel and Defense Counsel (at the addresses identified in Section 19), no later than the Objection Deadline.

12.2.1. The requirements to assert a valid written objection shall be set forth in the Class Notice and on the Settlement Website, and, to be valid, the written objection must include:  (a) the case name and number; (b) the name, address, telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the basis for the objection; and (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

12.2.2. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

12.3.   Appearance.  Subject to approval of the Court, any Class Member who files and serves a written objection in accordance with Paragraph 12.2 and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member:  (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice Of Intention To Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.

12.3.1. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

12.3.2. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing and raise any objections.

**13.    SETTLEMENT APPROVAL**

13.1.   Within 7 (seven) days of this Agreement's date, Named Plaintiffs shall apply to the Court for entry of the proposed Preliminary Approval Order and setting of a Final Approval Hearing.

13.2.   Not later than fifteen (15) days before the Final Approval Hearing, the Settlement Administrator will provide Defense counsel with an affidavit or declaration by a competent affiant or declarant, attesting that the Class Notice has been disseminated in accordance with the Preliminary Approval Order and identifying the number of Requests for Exclusion to the Settlement.   Not later than ten (10) days before the Final Approval Hearing, Defense Counsel shall file the affidavit or declaration with the Court prior to the Final Approval Hearing.

13.3.   Named Plaintiffs shall move for and brief the issue of Final Approval of the Settlement in accordance with the Preliminary Approval Order or such other or further order of the Court.

13.4.   At the Final Approval Hearing, Named Plaintiffs shall move for entry of the proposed Judgment and present arguments in support thereof.

13.5.   Promptly after the Final Settlement Date, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by or involve any Settlement Class Member in any other jurisdiction and that are released pursuant to this Settlement Agreement.

14. **CERTIFICATION OF NATIONWIDE SETTLEMENT CLASS FOR SETTLEMENT PURPOSES**

14.1.   Prior to applying for entry of the Preliminary Approval Order, Class Counsel and Named Plaintiffs filed an Amended Complaint in this Litigation that added Toni Murray and Ronald Hutching as party plaintiffs and VIIC, SGIC, and Nationstar Mortgage Holdings Inc. as party defendants to the Braynen Litigation.   All Parties consented to this amendment for purposes of effectuating this Settlement.

14.2.   After the Preliminary Approval Order is entered, Named Plaintiffs shall move for Final Approval of the Settlement and entry of final Judgment, and shall request that the preliminary certification of the nationwide Settlement Class for settlement purposes be made final.

14.3.   If the Settlement is not granted final approval, or this Agreement is otherwise terminated or rendered null and void, the certification of the above-described nationwide Settlement Class shall be automatically vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this or any other action can be or have been satisfied; in such circumstances, Defendants reserve and shall have all rights to challenge certification of a nationwide Settlement Class or any other Class for trial purposes in the Litigation, or in any other action, on all available grounds as if no nationwide Settlement Class had been certified.

15. **ATTORNEYS' FEES, EXPENSES, AND NAMED PLAINTIFF'S CASE CONTRIBUTION AWARD**

15.1.   Any application for Attorneys' Fees and Expenses shall not exceed $5,000,000.

15.2.   Defendants agree not to oppose or otherwise object to an application by Class Counsel for the award of Attorneys' Fees and Expenses in this Action in an amount not to

exceed $5,000,000.   Class Counsel agree to not to seek an amount of Attorneys' Fees and Expenses in excess of $5,000,000.   Class Counsel agree that the amounts of such costs and fees awarded shall compensate them for all legal work in the Litigation up to and including the date of the Final Judgment, including any appeal of the Judgment, as well as for all legal work and costs that may be incurred in the Action after the date of the Final Judgment. Provided any award of Attorneys' Fees and Expenses does not exceed $5,000,000, Defendants shall pay the Attorneys' Fees and Expenses made by the Court in the final Judgment in the Braynen Litigation within thirty (30) days after the Final Settlement Date.   If for any reason an award of Attorneys' Fees and Expenses exceeds $5,000,000, within five (5) days of the order of such an award, Defendants shall have the right, and they may, within their sole discretion, terminate this Settlement and have this Settlement Agreement deemed null and void.   In the event the Court awards Class Counsel less than $5,000,000 in Attorneys' Fees and Expenses, this Settlement Agreement shall nonetheless remain in full force and effect.

15.3.   Within thirty (30) days after the entry of the Final Judgment, Defendants shall deposit the amount of Attorneys' Fees and Expenses awarded by the Court (not to exceed $5,000,000) in an interest bearing account of Defendants' choosing.   The Attorneys' Fees and Expenses (not to exceed $5,000,000), along with any interest earned, shall be disbursed to KTT's Firm Trust Account within ten (10) business days after the Final Settlement Date.   If for any reason the final Judgment does not become Final within the meaning of Paragraph 2.21 (*i.e.*, the Final Settlement Date does not occur), all money in the interest bearing account, including the interest accumulated, shall be returned to the Defendants within five (5) days after the occurrence of the condition or event that prevents the final Judgment from becoming Final.

15.4.   In addition to the Claim Settlement Relief otherwise due to a Settlement Class Member of the Settlement Class, Defendants agree to pay each Named Plaintiff a Case

47

Contribution Award as awarded by the Court in an amount not to exceed the sum of $5,000.00 each, and shall deliver to Named Plaintiffs' Counsel separate checks made payable to each Named Plaintiff awarded a Case Contribution Award, within thirty (30) days after the Final Settlement Date.

15.4.1. If the Court awards any of the Named Plaintiffs Case Contribution Awards, they shall each provide to Defendants a completed W9 form within 10 business days after the final Judgment.

15.5.   The procedure for and the grant or denial or allowance or disallowance by the Court of the Attorneys' Fees and Expenses and Case Contribution Awards are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the applications for Attorneys' Fees and Expenses and Case Contribution Award, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the finality of Judgment approving the Agreement and the Settlement, except as provided for in Paragraph 15.2.

16.   **CONFIDENTIALITY; COMMUNICATIONS TO MEDIA AND PUBLIC**

16.1   The Settling Parties agree that the terms of this Settlement shall remain confidential and not be disclosed by any party until the Settlement Agreement is filed in connection with Named Plaintiff's Preliminary Approval Application.

16.2   The Settling Parties agree further that both before and after Preliminary Approval of the Settlement, they shall not publish a press release or a release on the Internet concerning the Settlement without the prior written review and approval of all other Settling Parties, which approval shall not be unreasonably withheld or delayed.

16.3    The Settling Parties agree that both before and after Preliminary Approval, if any print or electronic media outlet contacts any party or its counsel seeking information or a statement regarding the Settlement, in the absence of a response agreed upon by all Settling Parties, no information will be provided in response to such inquiries except to the extent such information appears as part of the public record.

## 17.    TERMINATION AND EFFECT THEREOF

17.1.   This Agreement shall be terminable by any Party if any of the conditions of Section 3, Paragraph 11.4, are not fully satisfied, unless they are waived in writing signed by authorized representatives of the Settling Parties.

17.2.   This Agreement shall also terminate at the discretion of any Settling Party if:  (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Agreement or the proposed Settlement that is material, including without limitation, the terms or relief, the findings or conclusions of the Court, the provisions relating to Class Notice, the definition of the Settlement Class, and/or the terms of the Releases; (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters, or restricts, or expands, any portion of the final Judgment, or any of the District Court's findings of fact or conclusions of law, that is material; or (3) if all of the conditions required to be met before the Final Settlement Date do not occur.

17.3.   If this Agreement is terminated as provided herein, either automatically or by a Party, the Settlement shall be null and void from its inception and the Settling Parties will be restored to their respective positions in the Braynen Litigation as of the date of Preliminary Approval.  In such event, the terms and provisions of this Agreement will have no further force and effect with respect to the Settling Parties and will not be used in the Braynen Litigation, or

49

in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated, *nunc pro tunc.*

**18.    MISCELLANEOUS PROVISIONS**

18.1.    Named Plaintiffs and Settlement Class Members who have made or who make a claim for benefits in the future on their LPI Policy will not be affected in any way as a result of their participation in this Settlement, and may participate in this Settlement to the same extent as Named Plaintiff or Settlement Class Members who have not made a claim on their LPI Policy.

18.2    There will be no offset to any amounts received by any Named Plaintiffs or Settlement Class Member under this Settlement to account for any payments to Named Plaintiffs or Settlement Class Members under the National Mortgage Settlement or any other settlement between the Nationstar Defendants and any governmental or private entity.   Nor will any payments to any Named Plaintiffs or Settlement Class Member be an offset against any payments to Named Plaintiffs or Settlement Class Members under the National Mortgage Settlement or any other settlement between the Nationstar Defendants and any governmental or private entity.

18.3.    The Settling Parties acknowledge that it is their intent to consummate this Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

18.4.    The Settling Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Braynen Litigation. The Settlement compromises claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense.   The Settling Parties agree that the consideration provided to the

Settlement Class and the other terms of the Settlement were negotiated in good faith and at arm's length by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel. The amounts paid are to compromise the claimants' claims for damages and the amounts paid represent the claimants' compensation for such alleged damages.

18.5. Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claims, or of any wrongdoing or liability of any Settling Defendant; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault, omission, wrongdoing, or liability of any Settling Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants may file this Agreement and/or the Judgment in any action that may be brought against them in order to support any defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

18.6. All agreements made and orders entered during the course of the Braynen Litigation relating to the confidentiality of information will survive this Agreement.

18.7. All of the Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

18.8. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

18.9. This Agreement and the Exhibits attached hereto constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made

to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized herein.  Except as otherwise provided herein, the Settling Parties will bear their own respective costs.

18.10.  Class Counsel, on behalf of the Settlement Class, are expressly authorized by Named Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to this Agreement to effectuate its terms, and are expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Settlement Class that Class Counsel deem appropriate.

18.11. This Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument. A complete set of counterparts will be submitted to the Court.

18.12.  This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

18.13. The Court will retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

18.14. None of the Settling Parties, or their respective counsel, will be deemed the drafter of this Agreement or its Exhibits for purposes of construing the provisions thereof.  The language in all parts of this Agreement and its Exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any Settling Party as the drafter thereof.

18.15. The Settling Parties stipulate to stay all proceedings in the Braynen Litigation until the approval of this Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits, and other matters necessary to obtain and preserve final judicial approval of this Agreement.

18.16.  Except as agreed by the Parties in writing, within thirty (30) days after the Final Settlement Date, Class Counsel shall destroy all electronically stored information, testimony, or other information produced by Defendants in the Braynen Litigation, including the mediation for the Braynen Litigation, and shall so certify in writing.

18.17.  The Settlement shall be governed by the laws of the State of Florida, except to the extent that the law of the United States governs any matters set forth herein, in which case such federal law shall govern.

18.18.  The following principles of interpretation apply to the Agreement:  (a) the plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be; (b) references to a person are also to the person's successor-in-interest; and (c) whenever the words "include," includes," or 'including" are used in the Agreement, they shall not be limiting, but rather shall be deemed to be followed by the words "without limitation."

18.19.  The Settlement Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices of the Settlement Class after the Judgment is entered.

## 19.    NOTICES

19.1.   All Notices (other than the Class Notice) required by the Agreement shall be made in writing and communicated by fax and mail to the following addresses:

All Notices to Class Counsel shall be sent to Class Counsel, c/o:
Adam M. Moskowitz
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

*Counsel for Named Plaintiff and Class*

<u>All Notices to Defense Counsel shall be sent to Defense Counsel, c/o</u>:
John B. Sullivan
Mary Kate Kamka
Severson & Werson, A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344;
Facsimile: (415) 956-0439

*Counsel for the Nationstar Defendants*

Frank G. Burt
Carlton Fields Jorden Burt, P.A.
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington DC 20007-5208
Telephone: (202) 965-8140
Facsimile: (202) 965-8104

*Counsel for Assurant Defendants*

19.2.   The notice recipients and addresses designated above may be changed by written

agreement of the Settling Parties.

19.3.   Upon the request of any of the Settling Parties, the Settling Parties agree to

promptly provide each other with copies of objections, Requests for Exclusion, or other similar

documents received from Settlement Class Members in response to the Class Notice.

54

IN WITNESS WHEREOF, the Settling Parties have executed and caused this Settlement on the dates set forth below.

Dated: 6/27/2014

By: _____

Name: A. W. Villani
Title: EVP

*Nationstar Mortgage, LLC*

Dated: 6/27/2014

By: _____

Name: A. W. Villani
Title: EVP

*Harwood Service Company, LLC*

Dated: 6/27/2014

By: _____

Name: A. W. Villani
Title: EVP

*Nationstar Mortgage Holdings Inc.*

Dated: _____

By: _____

Name:
Title:

*Assurant, Inc.*

Dated: _____

By: _____

Name:
Title:

*American Security Insurance Company*

55

IN WITNESS WHEREOF, the Settling Parties have executed and caused this Settlement on the dates set forth below.

Dated: _____     By: _____

Name:
Title:

*Nationstar Mortgage, LLC*

Dated: _____     By: _____

Name:
Title:

*Harwood Service Company, LLC*

Dated: _____     By: _____

Name:
Title:

*Nationstar Mortgage Holdings Inc.*

Dated: _____     By: _____

Name: RICHARD FORTWENGLER
Title: S.V.

*Assurant, Inc.*

Dated: June 26, 2014     By: _____

Name: PETER J. LOUGHLIN
Title: VP

*American Security Insurance Company*

55

Dated: _June 26, 2014_          By: _[signature]_

                                 Name: PETER J. LOUGHLIN
                                 Title: VP

                                 *Voyager Indemnity Insurance Company*


Dated: _June 26, 2014_          By: _[signature]_

                                 Name: PETER J. LOUGHLIN
                                 Title: VP

                                 *Standard Guaranty Insurance Company*


Dated: _____          By: _____

                                 Howard Braynen
                                 *Plaintiff*


Dated: _____          By: _____

                                 Toni Murray
                                 *Plaintiff*


Dated: _____          By: _____

                                 Ronald Hutchings
                                 *Plaintiff*


56

Dated: _____     By: _____
                                Name:
                                Title:

                                *Voyager Indemnity Insurance Company*


Dated: _____     By: _____
                                Name:
                                Title:

                                *Standard Guaranty Insurance Company*


Dated: 6/27/14             By: _____
                                Howard Braynen
                                *Plaintiff*


Dated: _____     By: _____
                                Toni Murray
                                *Plaintiff*


Dated: _____     By: _____
                                Ronald Hutchings
                                *Plaintiff*

56

Dated: _____          By: _____
                                       Name:
                                       Title:

                                       *Voyager Indemnity Insurance Company*


Dated: _____          By: _____
                                       Name:
                                       Title:

                                       *Standard Guaranty Insurance Company*


Dated: _____          By: _____
                                       Howard Braynen
                                       *Plaintiff*


Dated: *June 27, 2014*            By: _____
                                       Toni Murray
                                       *Plaintiff*


Dated: _____          By: _____
                                       Ronald Hutchings
                                       *Plaintiff*

06/27/2014 18:52 FAX 440 927 4760                GIANT EAGLE STORE 543                @002

Dated: _____       By: _____
                                       Name:
                                       Title:

                                       *Voyager Indemnity Insurance Company*


Dated: _____       By: _____
                                       Name:
                                       Title:

                                       *Standard Guaranty Insurance Company*


Dated: _____       By: _____
                                       Howard Braynen
                                       *Plaintiff*


Dated: _____       By: _____
                                       Toni Murray
                                       *Plaintiff*


Dated: 06-27-14                  By: *Ronald Hutchings*
                                       Ronald Hutchings
                                       *Plaintiff*

56

## EXHIBIT A

*Braynen v. Nationstar Mortgage, LLC,*
**Case No. 14-cv-20726-JAL**
*United States District Court for the Southern District of Florida*

If you were charged by Nationstar during the Class Period, as defined below, as an insured or additional insured for a lender-placed insurance policy for your residential property, and you paid all or a portion of the premium for that policy to Nationstar during that time, you could receive a cash award from a class action settlement.

If you were charged by Nationstar during the Class Period, as defined below, as an insured or additional insured for a lender-placed insurance policy for your residential property, and you did not pay but still owe the premium for that policy, you could receive a credit towards what you owe Nationstar. Or, alternatively, you could receive a partial refund check (if the defendants elect, in their sole discretion, to provide checks instead of credits to eligible claimants).

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- If you were charged by Nationstar Mortgage, LLC, Harwood Service Company, LLC [collectively "the Nationstar Defendants"] for lender placed insurance issued by Assurant, Inc. ("Assurant"), American Security Insurance Company ("ASIC"), Voyager Indemnity Insurance Company ("VIIC"), or Standard Guaranty Insurance Company ("SGIC") [collectively "the Assurant Defendants"] for your residential property, this settlement will provide you with an opportunity to either:  (i) claim a cash award, if you paid all or a portion of the premiums for that LPI Policy to the Nationstar Defendants during the Class Period; or (ii) claim a credit towards what you currently owe the Nationstar Defendants, if you did not pay but still owe the premiums for that LPI Policy to the Nationstar Defendants during the Class Period.

- Class Period: The Class Period begins on January 1, 2008 and ends on _____, 2014.

- If you were charged by the Nationstar Defendants for an LPI Policy during the Class Period, subject to the provisions of this Notice and the Settlement, you may make a claim for benefits pursuant to this Settlement.

- This notice will explain what the class action lawsuit was about, what the settlement will be if it is approved by the Court, whether you qualify to submit a claim for a cash award or a credit based on the Settlement, and what to do if you want to: (i) submit a claim; or (ii) object to the Settlement; or (iii) not participate in the settlement and instead "opt out" of the class action. This notice will also tell you how to get more information if you want it.

- If you decide to submit a claim, you will need to follow the Instructions for the Class Action Claim Form, and fill out the Claim Form sent to you with this notice. Everyone submitting a Claim Form must answer the questions on the Claim Form truthfully, and must affirm the statements in the Claim Form under penalty of perjury. Some claimants must also verify their identity.

- All claimants who meet the requirements and submit valid and properly completed Claim Forms will receive a cash award or a credit (towards what they currently owe the Nationstar Defendants) of an amount equal to 12.5% of the Net Premium charged to the claimant during the Class Period for the LPI Policy by the Nationstar Defendants.

**YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DON'T ACT. PLEASE READ THIS NOTICE CAREFULLY, AND GET MORE INFORMATION IF YOU NEED IT.   THE NOTICE WILL TELL YOU HOW TO GET THAT INFORMATION.**

## <u>WHAT THIS NOTICE CONTAINS</u>

**BASIC INFORMATION**................................................................................PAGE __
    1. Why Was This Notice Sent To Me?
    2. What Is This Notice?
    3. What Is This Lawsuit About?
    4. Why Is There A Settlement?

**SETTLEMENT CLASS MEMBERSHIP**..................................................PAGE___
    5. Who Is A Settlement Class Member?
    6. What If I Am Not Sure Whether I Am Included In The Settlement Class?

**THE SETTLEMENT TERMS AND BENEFITS** .........................................PAGE __
    7. What Are The Terms Of The Settlement?
    8. How Do I Receive A Cash Award Or A Credit?
    9. How Do I Know Whether I Am Eligible For A Cash Award Versus A Credit Towards     What I Owe the Nationstar Defendants?
    10. When Would I Receive My Check Or Credit?
    11. What Am I Giving Up To Stay In The Class?
    12. What Happens If I Do Nothing?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ........................................PAGE __
    13. How Do I Get Out Of The Settlement?
    14. What If I Do Not Opt Out Of The Settlement?
    15. If I Exclude Myself, Can I Receive A Cash Award Or Credit From This Settlement?

**OBJECTING TO THE SETTLEMENT** ................................................................PAGE __
    16. How Can I Object To The Settlement?

**THE LAWYERS REPRESENTING YOU**..................................................PAGE __
    17. Do I Have A Lawyer In This Case?
    18. How Will Class Counsel Lawyers Be Paid?

**THE COURT'S FAIRNESS HEARING** ...................................................................PAGE __
  19. When And Where Will The Court Decide Whether To Approve The Settlement?
  20. As A Settlement Class Member, May I Speak At The Hearing?

**GETTING MORE INFORMATION** .........................................................................PAGE __
  21. Where Can I Get More Details About The Settlement?

## BASIC INFORMATION

### 1.   WHY WAS THIS NOTICE SENT TO ME?

This Notice was sent to you because Defendants' records indicate that your residential insurance policy lapsed, that a hazard, flood, flood gap, or wind lender-placed insurance policy ("LPI Policy") was issued for your residential property, and that you were charged by the Nationstar Defendants, as your mortgage servicer, for this LPI Policy during the Class Period.

The Court ordered this Notice to be sent to you because you have a right to know about the proposed settlement of this class action lawsuit, which concerns LPI issued by the Assurant Defendants for which you were charged by the Nationstar Defendants, and about your options, before the Court decides whether to approve the settlement.

If the Court approves the settlement, and if you satisfy the claim criteria and submit a valid claim, you will receive either:  (a) a cash award from an Administrator approved by the Court, if you paid all or a portion of the premium for your LPI Policy; or (b) a credit towards what you currently owe the Nationstar Defendants, or, at Nationstar's sole discretion, a partial refund check from the Administrator, if you have not paid the premium for your LPI Policy.  However, the cash award or credit will not be made until any objections or appeals are resolved.

### 2.   WHAT IS THIS NOTICE?

This Notice is part of a package sent to all potential settlement class members like you. The package includes this Notice, the Instructions for the Class Action Claim Form, and the Class Action Claim Form.  This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of Florida, and the case is known as *Braynen v. Nationstar Mortgage, LLC*, Case No. 14-cv-20726-JAL (Southern District of Florida).

Plaintiffs Howard Braynen, Toni Murray, and Ronald Hutchings sued on behalf of you and all settlement class members and are called the "Plaintiffs." The companies they sued, Nationstar Mortgage, LLC, Harwood Service Company, LLC, Nationstar Mortgage Holdings, Inc. Assurant, Inc. ("Assurant"), American Security Insurance Company ("ASIC"), Voyager Indemnity Insurance Company ("VIIC"), and Standard Guaranty Insurance Company ("SGIC") are called the "Defendants."

### 3.   WHAT IS THIS LAWSUIT ABOUT?

This lawsuit involves lender-placed insurance ("LPI"), which is insurance (hazard, flood, flood gap, or wind) that is placed on a homeowner's property to protect the borrower and mortgage lender when the homeowner's insurance policy lapses, or when the homeowner does not maintain a homeowner's insurance policy that is acceptable to the mortgage lender.  When an LPI Policy is placed pursuant to the homeowner's mortgage contract, the Nationstar Defendants

pay premiums to the LPI insurer who writes the policy, and then the Nationstar Defendants charge the homeowners for those premiums.

The Plaintiffs have brought claims on behalf of all persons in the Settlement Class (as defined in Answer #5). Plaintiffs allege that when a borrower was required to have insurance for his or her property pursuant to a residential mortgage or home equity loan or line of credit, and evidence of acceptable coverage was not provided (for example, when the insurance policy did not exist or had lapsed), the Nationstar Defendants would place insurance in a manner such that the Nationstar Defendants allegedly received an unauthorized benefit. Plaintiffs allege further that the Nationstar Defendants did so primarily to receive "kickbacks" in the form of commissions from the Assurant Defendants. Plaintiffs also allege that the way in which LPI policies were obtained and placed caused the rates and the amount of coverage to be excessive.

All Defendants expressly deny Plaintiffs' allegations and assert their actions are fully authorized under the mortgage instruments and by law. They also expressly deny that they did anything wrong. There has been no court decision on the merits of this case and no finding that Defendants committed any wrongdoing.

### 4.    WHY IS THERE A SETTLEMENT?

Both sides have agreed to a Settlement to avoid the cost and risk of a trial and so that borrowers can get benefits in exchange for releasing Defendants from liability.

## SETTLEMENT CLASS MEMBERSHIP

### 5.    WHO IS A SETTLEMENT CLASS MEMBER?

To see if you will be affected by this class action, you first have to determine if you are a member of the Settlement Class.

The "Class" shall include all borrowers in the United States who, within the Class Period (as defined below), were charged by the Nationstar Defendants under a hazard, flood, flood gap or wind-only LPI Policy issued by the Assurant Defendants for residential property, and who, within the Class Period, either (i) paid to the Nationstar Defendants the Net Premium[5] for that LPI Policy or (ii) did not pay to and still owe the Nationstar Defendants the Net Premium for that LPI Policy.

The "Class Period" shall commence on January 1, 2008 and shall continue through _____, 2014:

Excluded from the Class are: (i) individuals who are or were during the Class Period officers or directors of the Defendants or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers whose

---

[5] "Net Premium" means the amount of premium charged to a Class Member for an LPI Policy during the Class Period less any refund paid or credited to the Class Member.

LPI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower or the borrower's escrow account; and, (iv) all borrowers who file a timely and proper request to be excluded from the Class.

## 6.   WHAT IF I AM NOT SURE WHETHER I AM INCLUDED IN THE SETTLEMENT CLASS?

If you are not sure whether you are included in the Settlement Class, or you have questions about the case, you may call the toll free number, 1-866-_____, or visit the Settlement website at www.BraynenSettlementInfo.com.

## THE SETTLEMENT TERMS AND BENEFITS

## 7.   WHAT ARE THE TERMS OF THE SETTLEMENT?

Defendants have agreed to provide a cash award or credit in the amount of 12.5% of the Net Premium charged to the claimant during the Class Period for the LPI Policy by the Nationstar Defendants, provided each Settlement Class Member submits a valid and properly completed Claim Form, including for some claimants, providing a form of verification of their identity.

As described in further detail in response to Question 9, whether a Settlement Class Member is eligible to receive a cash award or credit (towards what the Settlement Class Member owes the Nationstar Defendants) depends on whether he or she paid the premiums charged by the Nationstar Defendants for the LPI Policy or whether he or she did not pay but still owes those premiums to the Nationstar Defendants. <u>Each Settlement Class Member must submit a Claim Form to be eligible to receive these benefits.</u>   Defendants also have agreed to additional injunctive relief from which you may benefit.  The Settlement benefits are described in further detail in the Settlement Agreement, which is available at www.BraynenSettlementInfo.com.

This Settlement will not affect any rights or claims that you may have under the National Mortgage Settlement or any other settlement between the Nationstar Defendants and any governmental or private entity.  This Settlement also will not affect any claim for benefits on your LPI Policy that you have made or may make in the future.  However, as described below (see Answer #11), this settlement will impact any claims that you may have relating to, concerning, or pertaining to, among other things, Defendants' conduct, policies, or practices concerning LPI Policies issued by the Assurant and placed or charged by the Nationstar Defendants during the Class Period.

## 8.   HOW DO I RECEIVE A CASH AWARD OR A CREDIT?

To receive a cash award or credit towards what you currently owe, you must be a Settlement Class Member and must send in a properly completed and accurate Class Action Claim Form by a date 60 days after the Final Settlement Date (as defined in the

Settlement Agreement),[6] or, if a private mail carrier is used, a label reflecting that the mail date is no later than 60 days after the Final Settlement Date (the "Claim Deadline"). You may also submit a completed Claim Form by uploading it to the Settlement Website no later than the Claim Deadline. If the Court approves the Settlement and enters Judgment on the date of the Fairness Hearing and no appeal is filed, the deadline to submit a properly completed and accurate Claim Form will be _____ ___, 2014. _____.   The Class Action Claim Form Instructions and a Class Action Claim Form have been sent to you with this Notice. You may also obtain a Claim Form on the Settlement Website at www.BraynenSettlementInfo.com, or you can call for one at the toll-free number of 1-866- _____ - _____.

Please read the Claim Form Instructions carefully, fill out the Claim Form, sign it, and mail it postmarked no later than _____.   For Settlement Class Members who are eligible for a cash award check (rather than a credit), your identity must be further confirmed through one of several options — the Claim Form Instructions and the Claim Form itself explain what those options are.   If your Claim Form is not properly completed and/or all required information is not provided, it will be deemed invalid.

## 9. HOW DO I KNOW WHETHER I AM I ELIGIBLE FOR A CASH AWARD VERSUS A CREDIT TOWARDS WHAT I OWE THE NATIONSTAR DEFENDANTS?

The Class Action Claim Form Instructions and Claim Form explain the different relief available to Settlement Class Members, depending upon whether they paid their LPI premium.

As explained on the Claim Form, Settlement Class Members are eligible for a cash award if during the Class Period they made at least one full monthly mortgage payment to the Nationstar Defendants after either:  (a) their existing escrow account was adjusted to charge the increased premium for the LPI Policy; or (b) an escrow account was created to charge the increased premium for the LPI Policy.

All other Settlement Class Members who, during the Class Period,  were charged by the Nationstar Defendants for their LPI Policy, and who have not paid and still owe the charged net premium for that policy, are eligible for a reduction of what they currently owe the Nationstar Defendants in the amount of 12.5% of the Net Premium charged to the claimant during the Class Period for the LPI Policy by the Nationstar Defendants.  The net premium is the amount of the LPI premium minus any refunds already provided to the borrower.  Alternatively, Nationstar may elect, in its sole discretion, to send partial cash award checks to such claimants.

---

[6] The Final Settlement Date is the date on which the judgment in this case ("Judgment") becomes Final. If no appeal has been taken from the Judgment, the Final Settlement Date means the date on which the time to appeal has expired. If any appeal has been taken from the Judgment, the Final Settlement Date means the date on which all appeals have been finally disposed of in a manner that affirms the Judgment. Thus, the Claim Deadline will be no earlier than _____ ___, 2014.

## 10.    WHEN WOULD I RECEIVE MY CASH AWARD OR CREDIT?

The Court will hold a hearing on _____ to determine whether to approve the Settlement. If Judge Lenard approves the Settlement, there may be appeals after that.  It is always uncertain when any appeals, if taken, will be resolved.  You will receive your cash award or credit within 180 days after the Settlement becomes final and effective, i.e., after all appeals are resolved.

## 11.    WHAT AM I GIVING UP TO BE PART OF THE SETTLEMENT CLASS?

If you are a Settlement Class Member and unless you exclude yourself, you are staying in the Settlement Class.  That means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about LPI, or the issues that were or could have been raised in *this* case.  It also means that all of the Court's orders concerning the Settlement Class will apply to you and legally bind you, including the Release described in detail in Section 10 of the Settlement Agreement. This Release provision describes the legal claims that you give up if this Settlement is approved and you do not exclude yourself.   Please carefully read this Release and the Settlement Agreement.

## 12.    WHAT HAPPENS IF I DO NOTHING?

If you do nothing as a Settlement Class Member, you'll receive no money or credit from this Settlement.  But, unless you exclude yourself from the Settlement, you will not be able to start a lawsuit or continue with a lawsuit against Defendants about the legal issues that were or could have been raised in this case, ever again.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

## 13.    HOW DO I GET OUT OF THE SETTLEMENT?

If you fall within the definition of the Settlement Class (see Answer #5), you are automatically a member of the Settlement Class.  However, you can exclude yourself, or "opt-out" of the Settlement Class, if you do not wish to participate.  This means you will receive no payment or credit as part of this Settlement, nor any of the additional Settlement benefits.

You cannot ask to be excluded over the phone or via the internet.  To exclude yourself, you must mail a written request for exclusion to the Settlement Administrator that includes:   (1) a statement requesting exclusion from the proposed Settlement, such as "I hereby request that I be excluded from the proposed Settlement Class in the Braynen Class Action"; (2) your name, your address, and the case name; and (3) your original signature.   Your written request for exclusion must be postmarked no later than _____ and mailed to [ADDRESS OF SETTLEMENT ADMINISTRATOR].     You may not seek to "opt out" of the Settlement on behalf of other members of the Settlement Class.

## 14.    WHAT IF I DO NOT OPT OUT OF THE SETTLEMENT?

Any member of the Settlement Class who does not opt out of the Settlement in the manner and by the deadlines described above shall be part of the Settlement Class, shall be bound by all Orders and proceedings in this action, and shall give up the right to sue any of the Defendants for the claims that this Settlement resolves.  If you desire to opt out, you must take timely affirmative written action even if you have filed a separate action against any of the Defendants or are a putative class member in any other class action filed against any of the Defendants.  If you have a pending lawsuit please contact your lawyer in that lawsuit immediately.  Remember, the exclusion deadline is _____.

## 15.   IF I EXCLUDE MYSELF, CAN I RECEIVE MONEY OR A CREDIT FROM THIS SETTLEMENT?

No.  If you are a Settlement Class Member and exclude yourself, do not send in a Claim Form to ask for any money or a credit.  But, you may sue or continue to sue Defendants individually, or you may be part of a different lawsuit against Defendants.

## OBJECTING TO THE SETTLEMENT

## 16.   HOW CAN I OBJECT TO THE SETTLEMENT?

You may object to or comment on all or part of the proposed Settlement if you are a Settlement Class Member and do not opt out of the Settlement.   To do so, you (or your attorney on your behalf) must submit a valid objection.

To be valid, your objection must be in writing, personally signed by you, and must include: (a) the case name and number; (b) your name, address, telephone number, and, if represented by counsel, their contact information; (c) the basis for your objection; and (d) a statement of whether you intend to appear at the Final Approval Hearing.

Your objection must be filed with the Clerk of Court, with copies mailed to all of the parties identified below, postmarked no later than _____:

| CLERK OF THE COURT | CLASS COUNSEL | COUNSEL FOR THE NATIONSTAR DEFENDANTS |
|---|---|---|
| Clerk of the United States District Court for the Southern District of Florida 400 North Miami 8th Floor Miami, FL  33128 | Adam M. Moskowitz Kozyak, Tropin, & Throckmorton, P.A. 2525 Ponce de Leon Blvd., 9th Floor Coral Gables, FL  33134 | John B. Sullivan Mary Kate Kamka Severson & Werson, A Professional Corporation One Embarcadero Center, Suite 2600 San Francisco, CA 94111 |
| COUNSEL FOR | | |

| ASSURANT DEFENDANTS |
|---|
| Frank G. Burt<br>Carlton Fields Jorden Burt, P.A.<br>1025 Thomas Jefferson St., NW<br>Suite 400 East<br>Washington DC, 20007-5208 |

## THE LAWYERS REPRESENTING YOU

### 17.   DO I HAVE A LAWYER IN THIS CASE?

The Court appointed the following lawyers to represent you and all other Settlement Class Members.  Together, these lawyers are called Class Counsel.  You will not be charged any money to pay for these lawyers.

| Adam M. Moskowitz | Aaron S. Podhurst | Lance A. Harke |
|---|---|---|
| amm@kttlaw.com<br>Kozyak, Tropin, & Throckmorton, P.A.<br>2525 Ponce de Leon Blvd., 9th Floor<br>Coral Gables, FL 33134 Telephone: (305) 372-1800<br>Facsimile: (305) 372-3508 | apodhurst@podhurst.com<br>Podhurst Orseck, P.A.<br>City National Bank Building 25 West Flagler Street, Suite 800 Miami, Florida 33130<br>Telephone: 305-358-2800<br>Facsimile:  305-358-2382 | lharke@harkeclasby.com<br>Harke Clasby & Bushman LLP<br>9699 NE Second Ave.<br>Miami Shores, FL  33138<br>Telephone:  (305) 536-8220<br>Facsimile:  (305) 536-8229 |

### 18.   HOW WILL THE CLASS COUNSEL LAWYERS BE PAID?

Class Counsel will ask the Court for attorneys' fees and expenses up to $5,000,000, and for a case contribution award of $5,000 paid to Named Plaintiffs Howard Braynen, Toni Murray, and Ronald Hutchings for their time and effort undertaken in the matter.  The Court may award less than these amounts.

Defendants will separately pay the fees and expenses, and the case contribution awards that the Court awards, up to maximums of $5,000,000 in fees and expenses and $5,000 to Named Plaintiffs Braynen, Murray, and Hutchings each respectively.  These amounts will not reduce the amount of any cash awards or credits to Settlement Class Members.  Defendants have agreed not

to oppose the applications by Class Counsel for attorneys' fees and expenses or the case contribution award to Plaintiffs.

## THE COURT'S FAIRNESS HEARING

### 19.   WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing at \_\_\_\_ :00 .m. on _____, in Courtroom _____ at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, FL 33128. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are valid and timely objections, the Court will consider them.

Judge Lenard may listen to people who have properly asked to speak at the hearing beforehand, and in writing. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long this decision will take.

### 20.   AS A SETTLEMENT CLASS MEMBER, MAY I SPEAK AT THE HEARING?

You cannot speak at the hearing if you have excluded yourself from the Settlement Class. However, if you are part of the Settlement Class, you may ask the Court for permission for you or your attorney to speak at the Fairness Hearing. To do so, you must file with the Clerk of the Court and serve on all counsel for the parties (at the addresses identified above in Answer #16) a notice of intention to appear at the Final Approval Hearing. The notice of intention to appear must include the case name and number; your name, address, telephone number, and signature, and, if represented by counsel, their contact information; and copies of any papers, exhibits, or other evidence that you intend to present to the Court in connection with the Final Approval Hearing. The notice of intention to appear must be filed with the Clerk of Court and served on all counsel no later than _____, 201\_\_.

If you do not file a notice of intention to appear in accordance with the deadlines and other specifications set forth in the Settlement Agreement and this Notice, you will not be entitled to appear at the Final Approval Hearing to raise any objections.

## GETTING MORE INFORMATION

### 21.   WHERE CAN I GET MORE DETAILS ABOUT THE SETTLEMENT?

This notice summarizes the lawsuit. More details are in the Settlement Agreement, which is available through the Settlement Website at www.BraynenSettlementInfo.com. You may also contact Class Counsel, as identified above.

In addition, you may call 1-XXX-XXXX toll free, or visit the Settlement Website, to find answers to common questions about the Settlement, a Claim Form, and other information to help you determine whether you are eligible for relief from this settlement.

Date: _____

354988.1

67

**PLEASE DO NOT CALL THE COURT.  PLEASE ALSO DO NOT CALL OR SEND CORRESPONDENCE PERSONALLY TO JUDGE LENARD OR HER STAFF.**

**EXHIBIT B**
**Instructions for CLASS ACTION CLAIM FORM**
**Important Information About**
**Making a Claim for Settlement Relief**

| I. | HOW TO MAKE A CLAIM FOR SETTLEMENT RELIEF |
|---|---|

      a.    Eligibility for Relief

If you were charged and still owe, or if you paid, Nationstar Mortgage, LLC, Harwood Service Company, LLC, or Nationstar Mortgage Holdings Inc. [collectively "the Nationstar Defendants"] for lender placed insurance issued by  Assurant, Inc. ("Assurant"), American Security Insurance Company ("ASIC"), Voyager Indemnity Insurance Company ("VIIC"), and Standard Guaranty Insurance Company ("SGIC") [collectively "the Assurant Defendants"], you may be entitled to an escrow account credit or payment in an amount calculated as either 12.5% of the net LPI premium for that LPI Policy ("Settlement Relief").

      b.    How to Make a Claim for Settlement Relief

If you are entitled and wish to make a claim for Settlement relief, you *must* complete the enclosed Class Action Claim Form ("Claim Form"), under penalty of perjury, and mail it to Braynen v. Nationstar, c/o _____, P.O. Box _____, _____, ___ _____--____, with a postmark of no later than 60 days after the Final Settlement Date (as defined in the Settlement Agreement),[7] or, if a private mail carrier is used, a label reflecting that the mail date is no later than 60 days after the Final Settlement Date (the "Claim Deadline"). You may also submit a completed Claim Form by uploading it to the Settlement Website no later than the Claim Deadline.  If the Court approves the Settlement and enters Judgment on the date of the Fairness Hearing and no appeal is filed, the deadline to submit a properly completed and accurate Claim Form will be _____ ___, 2014.  If you fail to submit your Claim Form as required by these Instructions, you will not be able to obtain a settlement credit or payment.

      c.    How to Answer Question 1 and Question 2 on the Claim Form To Determine What Settlement Relief, If Any, You Are Eligible For

You may only check the "Yes" box to Question 2 (whether you were charged by Nationstar and paid the LPI premium), which may make you eligible for a cash payment, if you

---

[7] The Final Settlement Date is the date on which the judgment in this case ("Judgment") becomes Final.  If no appeal has been taken from the Judgment, the Final Settlement Date means the date on which the time to appeal has expired.  If any appeal has been taken from the Judgment, the Final Settlement Date means the date on which all appeals have been finally disposed of in a manner that affirms the Judgment.  Thus, the Claim Deadline will be no earlier than _____ ___, 2014.

made at least one full monthly mortgage payment after either: (a) your existing escrow account was adjusted to charge the increased premium for the LPI Policy; or (b) an escrow account was created for you by Nationstar to charge the increased premium for the LPI Policy.

If you were charged by Nationstar and still owe the premium for your LPI Policy, but did not make one full monthly mortgage payment in the manner described above, you must check the "No" box to Question 2, but may check the "Yes" box to Question 1 (whether you have been charged by Nationstar and still owe and have not paid the LPI premium). You may be eligible for a reduction of what you currently owe Nationstar in an amount calculated as 12.5% of the Net Premium of the LPI Policy.

If you were charged by Nationstar for LPI, did not make one full monthly payment in the manner described above, and do not owe Nationstar for the premium for your LPI, you may not submit a Claim Form.

### d. Affirmations and Verification of Your Claim

For those Claimants who have been charged by Nationstar for LPI, and still owe and have not paid that premium, your Claim Form must be completely filled out, signed and affirmed under penalties of perjury in order to receive a credit to your Nationstar escrow account in the amount of Settlement Relief. However, for those Claimants who paid all or a portion of the LPI premium charged to their Nationstar escrow accounts, in addition to completely filling out, signing and affirming the information in the Claim Form under penalties of perjury, in order to receive a payment of Settlement Relief, the Claimant's identity must further be verified using one of the four alternative verification methods explained in the Claim Form.

### e. Review of Your Claim

Once you return your completed Claim Form, your claim will be reviewed by the Settlement Administrator. Subject to the audit of claims, if your Claim Form is properly completed, affirmed, and where appropriate verified, and the Settlement Administrator determines that your claim is valid, you will receive your Settlement Relief, subject to final approval by the Court.

### f. Audit of Claim Forms

The Claim Form directs you to complete Sections 1 and/or 2 of the Claim Form depending on your answer to the initial two Questions. Nationstar may separately audit or review Claim Forms submitted by Claimants. Any such audit may include a review of banking or real property records pertaining to the Claimant(s) and any property insured by the LPI Policy, and a computerized search for any bankruptcy filings in United States District Bankruptcy Court pertaining to the Claimant(s), or any deficiency judgment entered against the Claimant(s) in any state Court.

CLAIMANTS ARE CAUTIONED TO NOT SUBMIT FRAUDULENT CLAIMS AS ALL CLAIMS ARE SUBJECT TO AUDIT BY THE CLAIMS ADMINISTRATOR.

| II. | IF YOU NEED FURTHER INFORMATION |
|-----|----------------------------------|

If you have any questions or would like further information about the terms of the settlement, your eligibility for Settlement Relief under the Settlement Agreement, or how to make a claim for settlement relief, you may visit www.BraynenSettlementInfo.com, call us toll-free at 1-800-xxx-xxxx, or write to: _____, _____ _____, _____, _____ XXXXX.

## EXHIBIT C

### CLASS ACTION CLAIM FORM

PLEASE FULLY COMPLETE THIS CLAIM FORM AND SIGN IT BELOW.  INCOMPLETE CLAIM FORMS WILL BE DEEMED INVALID AND THE CLAIM MAY BE DENIED.

IF YOU ARE SUBMITTING CLAIMS WITH RESPECT TO MORE THAN ONE POLICY, A SEPARATE CLAIM FORM MUST BE SUBMITTED FOR EACH POLICY.

IF MORE THAN ONE PERSON IS NAMED AS AN ADDITIONAL INSURED OR INSURED ON THE POLICY(S), THEN ALL NAMED ADDITIONAL INSUREDS OR INSUREDS MUST COMPLETE AND SIGN THIS CLAIM FORM.

**TO BE COMPLETED BY YOU:**

1.  Claimant(s)' Name(s)  _____

2.  Claimant(s)' Current Address
    (if different from the address
    on the envelope enclosing
    this Claim Form)  _____

3.  State in which property securing
    loan is located  _____

4.  Claimant(s)' Date(s) of Birth  _____

5.  Claimant(s)' Home Telephone Number  _____

6.  Claimant(s)' Social Security Number(s)  _____
    (Last four digits only)

**CERTAIN CLAIMS ARE SUBJECT TO AUDIT AS DESCRIBED IN THE INSTRUCTIONS. CLAIMANTS ARE CAUTIONED NOT TO SUBMIT FRAUDULENT CLAIMS AS ALL CLAIMS ARE SUBJECT TO AUDIT BY THE CLAIMS ADMINISTRATOR.**

354988.1                                   72

| | |
|---|---|
| **QUESTION 1.** | **HAVE YOU BEEN CHARGED BY NATIONSTAR FOR, AND <u>STILL OWE</u> AND <u>HAVE NOT PAID,</u> THE PREMIUM ON A HAZARD (INCLUDING WIND-ONLY), FLOOD, OR FLOOD GAP LENDER-PLACED INSURANCE POLICY COVERING YOUR RESIDENTIAL PROPERTY?** |

☐ **Yes**      ☐ **No**

| | |
|---|---|
| **QUESTION 2.** | **HAVE YOU BEEN CHARGED BY NATIONSTAR FOR <u>AND PAID</u> ALL OR A PORTION OF THE PREMIUM ON A HAZARD (INCLUDING WIND-ONLY), FLOOD, OR FLOOD GAP LENDER-PLACED INSURANCE POLICY COVERING YOUR RESIDENTIAL PROPERTY?** |

☐ **Yes**      ☐ **No**

If you ONLY answered "Yes" to **Question 1** above, complete Section 1 below of this Claim Form **only** and follow the instructions to mail in the Claim Form.

If you ONLY answered "Yes" to the **Question 2** above, please complete Sections 1 & 2 below, sign the form, and provide **ONE** of the following:

(1)    The signature of a witness who is 18 or older, **OR**

(2)    A copy of a form of identification that contains a signature and photograph of the Claimant(s), **OR**

(3)    A copy of a Nationstar Mortgage Statement issued to Claimant(s), **OR**

(4)    A completed Notary verification which is provided with this CLAIM FORM.

**<u>YOU ONLY NEED TO PROVIDE ONE</u>**
**<u>OF THE ABOVE FORMS OF PROOF OF IDENTITY</u>**

## __Section 1__

(1)    During the time period described on the Instructions for this Claim Form, I was listed as an additional named insured or an insured under a lender-placed hazard (including wind-only), flood, or flood gap insurance policy issued by American Security Insurance Company, Voyager Indemnity Insurance Company, or Standard Guaranty Insurance Co. insuring improvements to real property (an "LPI Policy");

(2)    I was charged an LPI Policy premium by Nationstar;

(3)    The cost of the LPI Policy was not cancelled out in full after issuance; and

(4)    Since the issuance of the LPI Policy, I have not filed a Petition under Chapter 7 of the United States Bankruptcy Code, and my indebtedness on my residence secured by my Deed of Trust or Mortgage has not been compromised or discharged in bankruptcy.

I hereby declare (or certify, verify, or state) under penalty of perjury that the information provided by me on this Claim Form is true and correct.

Date: _____, 2014.


_____          _____
(Signature of Claimant)                   Last Four Digits of Social Security No.


_____          _____
(Signature of Co-Claimant)                Last Four Digits of Social Security No.


Please MAIL THIS CLAIM FORM to the *Braynen Settlement Center*, P.O. Box _____, _____, _____ _____-____, with a postmark of no later than _____, or, if a private mail carrier is used, a label reflecting that the mail date is no later than _____.

## Section 2

## VERIFICATION OF IDENTITY OF CLAIMANT

For Claimants answering "Yes" to Question 2 above, in order to submit a valid Claim, they must in addition to making the affirmations set forth in Section 1 above, confirm their identity through one of the following methods:

(1)     The signature of a witness who is 18 or older representing and affirming that they have witnessed the Claimant execute the Claim Form, and this witness affirmation shall include the following: "I declare (or certify, verify, or state) under penalty of perjury that I witnessed the signing of this Claim Form by the Claimant and the foregoing is true and correct," or

(2)     Provide a copy of a form of identification that contains a signature and photograph of the Claimant(s), or

(3)     Provide a copy of a Nationstar Mortgage Statement issued to Claimant(s), or

(4)     Provide a completed notary verification that the Claimant executed the Claim form making the required affirmations under oath in the presence of the notary, and bearing evidence of the notarial authority in compliance with the law of the state in which it is being executed (e.g., a seal, etc.).

**Option 1**

### <u>Witness Verification</u>

I witnessed the Claimant execute the foregoing Claim Form, and affirm and declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct:

_____        Date: _____, 2014

    (Signature of Witness)

_____

    (Address of Witness)

_____

_____

Phone: _____ - _____-_____

**Option 4**

## <u>Notary Verification</u>

STATE OF _____)

                                      SS

COUNTY OF_____)

     BEFORE ME, the undersigned authority, personally appeared _____, who after having been duly sworn, state(s) that the foregoing affirmation and statement is true and correct.  He/she personally appeared before me, is/are personally known to me or produced _____ as identification, and did take an oath.

Notary: _____

        (Signature)

Print Name: _____     [NOTARY SEAL]
Notary Public, State of _____

My commission expires: _____

**EXHIBIT D**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No: 14-cv-20726-JAL

HOWARD BRAYNEN on behalf of
himself and all others similarly situated,

     Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC, HARWOOD
SERVICE COMPANY, LLC, ASSURANT,
INC., and AMERICAN SECURITY INSURANCE
COMPANY,

     Defendants.

_____/

### [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING

Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, including the parties' Stipulation and Settlement Agreement (the "Settlement Agreement") and all exhibits thereto, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.    **Settlement.** Plaintiffs and Defendants have negotiated a potential settlement of this action (the "Braynen Litigation" or the "Action") to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve any and all claims or causes of action which have been or could be asserted by Plaintiffs and/or other members of the Settlement Class in the Braynen Litigation against Defendants, and all of their past and present divisions, parents,

subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), including, but not limited to, Nationstar Mortgage, LLC, Harwood Service Company, LLC, Nationstar Mortgage Holdings Inc. [collectively "the Nationstar Defendants"], Assurant, Inc. ("Assurant"), American Security Insurance Company ("ASIC"), Voyager Indemnity Insurance Company ("VIIC"), and Standard Guaranty Insurance Company ("SGIC") [collectively "the Assurant Defendants"], any direct or indirect subsidiary of any of Defendants and each of their respective past or present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

2.   **Review.**  The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter.  The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

3.   **Preliminary Approval.**  The Settlement Agreement entered into by and among the Plaintiffs Howard Braynen, Toni Murray, and Ronald Hutchings ("Plaintiffs"), on behalf of themselves and the Settlement Class, the Nationstar Defendants and the Assurant Defendants (collectively, "Defendants") has been negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, and adequate.

4.     **Settlement Class Relief.**  The proposed Settlement Relief to the Settlement Class Members, as identified in Section 4 of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate.  The Settlement Class shall consist of:

> The "Class" shall include all borrowers in the United States who, within the Class Period (as defined below), were charged by the Nationstar Defendants under a hazard, flood, flood gap or wind-only LPI Policy issued by the Assurant Defendants for residential property, and who, within the Class Period, either (i) paid to the Nationstar Defendants the Net Premium[8] for that LPI Policy or (ii) did not pay to and still owe the Nationstar Defendants the Net Premium for that LPI Policy.

> The "Class Period" shall commence on January 1, 2008 and shall continue through _____, 2014:

> Excluded from the Class are:  (i) individuals who are or were during the Class Period officers or directors of the Defendants or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers whose LPI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower or the borrower's escrow account; and, (iv) all borrowers who file a timely and proper request to be excluded from the Class.

5.     **Preliminary Certification of Settlement Class.**  The Court makes the following determinations as to certification of the Settlement Class:

(a)     The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3).

(b)     The Settlement Class is so numerous that joinder of all members is impracticable;

(c)     There are questions of law or fact common to the members of the Settlement Class;

---

[8] "Net Premium" means the amount of premium charged to a Class Member for an LPI Policy during the Class Period less any refund paid or credited to the Class Member.

(d)     The claims of the Plaintiffs are typical of the claims of the other members of the Settlement Class;

(e)     Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

(f)     Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

(g)     The Settlement Class is ascertainable;

(h)     Resolution of the claims in this Litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

6.     **Designation of Class Representative**.  Plaintiffs Howard Braynen, Toni Murray, and Ronald Hutchings are designated as representatives of the Settlement Class for the sole purpose of seeking a settlement of the Braynen Litigation.

7.     **Designation of Class Counsel**.  The law firms of Kozyak, Tropin, & Throckmorton, P.A., Podhurst Orseck, P.A., and Harke Clasby & Bushman LLP,  are hereby designated as Class Counsel for the Settlement Class.[9]

8.     **Final Approval Hearing**.  A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at    :00    ___.m. on _____, 2014  in _____ before the Honorable Joan A Lenard, to determine, among other things:  (i) whether the Settlement of the Braynen Litigation should be approved as fair, reasonable, and adequate; (ii) whether the Braynen Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iii) whether Settlement Class

---

[9] Additional counsel representing the class and listed on the Amended Complaint includes, among others, Gilman Law LLP.

Members should be bound by the Release set forth in the Settlement Agreement; (iv) whether Settlement Class Members should be subject to a permanent injunction which, among other things, bars Settlement Class Members who have not opted out of the settlement from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), organizing, or soliciting the participation of other Settlement Class Members to pursue any action in any jurisdiction based on or relating to any of the Released Claims (as defined in the Settlement Agreement) or the facts and circumstances relating thereto; and (v) whether the application of Class Counsel for an award of Attorneys' Fees and expenses, and the proposed Case Contribution Award To Plaintiffs, should be approved.

9. **Class Notice**.

(a)    The Court approves the Class Notice in the Settlement Agreement, including the Mail Notice attached as Exhibit A to the Settlement Agreement and the manner of providing Mail Notice to Settlement Class Members described in Section 6 of the Settlement Agreement.  The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class.  The Court further finds that Mail Notice and the other forms of Class Notice in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process.

(b)    The Mail Notice shall be mailed not less than ninety (90) days before the date set by the Court for a Final Approval Hearing regarding the Settlement.  The Mail

Notice shall include the Claim Instructions (attached as Exhibit B to the Settlement Agreement) and Claim Form (attached as Exhibit C to the Settlement Agreement).

(c)     No later than the posting of the Mail Notice, the Settlement Administrator shall establish an Internet site (the "Settlement Website") which shall contain copies of the Settling Agreement and Exhibits and the Mail Notice, and allow Class members to upload and file their claim forms.  The Settlement Website shall also contain Claim Form Instructions and a Claim Form which may be downloaded or printed from the Settlement Website.  The Settlement Website shall have a Uniform Resource Locator which identifies the Settlement Website as BraynenSettlementInfo.com.  The Settlement Website shall remain open and accessible through the last day for Settlement Class Members to submit a Claim for Settlement Relief;

(d)     The Settlement Administrator shall establish a toll-free interactive voice response phone number with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the language contained in the Notice and Claim Form.  The phone number shall remain open and accessible through the last day for Settlement Class Members to submit a Claim.  The Settlement Administrator shall make reasonable provision for Class Counsel to be promptly advised of recorded messages left on the phone number by Settlement Class Members concerning the Braynen Litigation and/or this Settlement, so that Class Counsel may timely and accurately respond to such inquiries.

(e)     No later than 10 days prior to the Final Approval Hearing, Defendants shall obtain from the Settlement Administrator and shall file with the Court a proof of mailing of the Mail Notice and of establishing of the Settlement Website.

(f)     Defendants shall comply with the obligation to give notice under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed settlement.  No later

than 10 calendar days before the Final Fairness Hearing, counsel for Defendants shall file with the Court one or more declarations stating that Defendants have complied with its notice obligations under 28 U.S.C. § 1715.

10. **Administrators**. The Court authorizes and directs Defendants to retain one or more Administrators to implement the terms of the Settlement Agreement, and authorizes and directs such Administrators to (i) mail the Mail Notice, (ii) establish the IVR phone line system, (iii) establish a live operator response, (iv) establish the Settlement Website, (v) receive and process settlement claims, and (vi) carry out such other responsibilities as are provided for in the Settlement Agreement or may be agreed to by the Parties in the Action.

11. **Exclusion from the Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website. Any such Request for Exclusion must be postmarked no later than thirty (30) days before the Final Approval Hearing.

(a) To be valid, the Request for Exclusion must: (a) identify the case name and number; (b) identify the name and address of the Settlement Class Member; (c) be personally signed by the Settlement Class Member requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in the Braynen Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in the Braynen Class Action." Mass or class opt outs shall not be allowed.

(b) A Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Settlement Agreement, even if the Settlement Class Member desiring to opt out of the Class (a) files or has filed a separate action

against any of the Released Persons (as defined in the Settlement Agreement), or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Persons.

(c)     Except for those Settlement Class Members who timely and properly file a request for exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Final Settlement Date (as defined in the Settlement Agreement), will be bound by its terms, including, but not limited to, the Releases in Section 10 of the Settlement Agreement.

(d)     If the number of Settlement Class Members who properly and timely exercise their right to opt out of the Settlement Class exceeds 5 percent (5%) of the total number of Settlement Class Members, the Settling Parties stipulate and agree that Defendants shall have the right to terminate this Agreement without penalty or sanction.

(e)     If the proposed settlement is approved, any Settlement Class Member who has not submitted a timely, written Request for Exclusion from the Class shall be bound by all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against Defendants relating to any of the Released Claims to Settlement Agreement.

12.     **Objections and Appearances**.  Any Settlement Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed settlement either on his or her own or through an attorney hired at his or her expense.  Any Settlement Class Member who wishes to object to the Settlement Agreement must do so in writing and must file with the Clerk of Court and serve on Class Counsel and Defendants' Counsel, at the addresses listed below, a

written statement of objection in accordance with the requirements set forth below and in the

Settlement Agreement no later than thirty (30) days before the Final Approval Hearing:

**For Plaintiff and Settlement Class**
Adam M. Moskowitz
Kozyak, Tropin, & Throckmorton, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL  33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

**For the Nationstar Defendants**

John B. Sullivan
Mary Kate Kamka
Severson & Werson, A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

**For the Assurant Defendants**

Frank G. Burt
Carlton Fields Jorden Burt, P.A.
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington DC 20007-5208
Telephone: (202) 965-8140
Facsimile: (202) 965-8104

(a)   The requirements to assert a valid written objection shall be set forth in the

Class Notice and on the Settlement Website, and shall include:  (a) the case name and number;

(b) the name, address, telephone number of the Person objecting and, if represented by counsel,

of his/her counsel; (c) the basis for the objection; and (d) a statement of whether he/she intends

to appear at the Final Approval Hearing, either with or without counsel;

(b)     Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

(c)     Any Settlement Class Member who submits a timely written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable, provided that the objecting Settlement Class Member:  (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear"), which must include the case name and number and the Settlement Class Member's name, address, telephone number, and signature, by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.  Any attorney who intends to represent an objecting Settlement Class Member at the Final Approval Hearing must do so at the Settlement Class Member's expense and must file a notice of appearance at least two weeks before the Final Approval Hearing.  Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice will not be entitled to appear at the Final Approval Hearing to raise any objections.

13.     **Releases.**  If the Settlement is finally approved, all Settlement Class Members who have not filed a timely and proper Request for Exclusion shall release the Released Persons

from all Released Claims, as described in Section 10 of the Settlement Agreement, including, *inter alia*, all claims, charges, or demands that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning hazard, flood, flood gap, or wind LPI Policies placed by the Nationstar Defendants during the Class Period.

14.   **Attorneys' Fees and Expenses, and Case Contribution Awards**.  Defendants agree not to oppose an application for the award of Attorneys' Fees and Expenses in this Action not to exceed a total of $5,000,000.   Plaintiffs and Class Counsel agree not to seek an award of Attorneys' Fees and Expenses in the Action in an amount exceeding $5,000,000.  Defendants also agree not to oppose the application for a Case Contribution Award of $5,000 each for the Named Plaintiffs Braynen, Murray, and Hutchings for their work and assistance in this Action. Plaintiffs and Class Counsel agree not to seek a Case Contribution Award in excess of $5,000 for each Named Plaintiff.

15.   **Preliminary Injunction.**  All Settlement Class Members who do not timely exclude themselves from the Settlement Class are hereby preliminarily enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims (as that term is defined in the Settlement Agreement); or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

16.     **Service of Papers.**  Defendants' Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Defendants' Counsel and Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

17.     **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason.  In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

18.     **Use of Order Following Termination of Settlement**.  This Order shall be of no force and effect if the Settlement does not become final and shall not be construed or used

as an admission, concession, or declaration by or against any Defendant of any fault, wrongdoing, breach, or liability, or by or against Plaintiff or the Settlement Class Members that their claims lack merit or that the relief requested in the Class Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

19.   **Necessary Steps**.   The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

DONE and ORDERED in Chambers in Miami, Florida, this _____ day of _____, 2014.

_____
JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

cc:  All Counsel of Record

**EXHIBIT E**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No: 14-cv-20726-JAL**

HOWARD BRAYNEN on behalf of
himself and all others similarly situated,

     Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC, HARWOOD
SERVICE COMPANY, LLC, ASSURANT,
INC., and AMERICAN SECURITY INSURANCE
COMPANY,

     Defendants.

_____/

**[PROPOSED] ORDER GRANTING FINAL APPROVAL TO
CLASS ACTION SETTLEMENT**

On _____, 2014, this Court granted preliminary approval to the proposed class

action settlement set forth in the Stipulation and Settlement Agreement (the "Settlement

Agreement") between Plaintiffs Howard Braynen, Toni Murray, and Ronald Hutchings

("Plaintiffs"), on behalf of themselves and all members of the Settlement Class, and Defendants

Nationstar Mortgage, LLC, Harwood Service Company, LLC, Nationstar Mortgage Holdings

Inc. [collectively "the Nationstar Defendants"], Assurant, Inc. ("Assurant"), American Security

Insurance Company ("ASIC"), Voyager Indemnity Insurance Company ("VIIC"), and Standard

Guaranty Insurance Company ("SGIC") [collectively "the Assurant Defendants"].  The Court

also provisionally certified the Settlement Class for settlement purposes, approved the procedure

for giving Class Notice to the members of the Settlement Class, and set a final approval hearing

to take place on _____.  The Court finds that the Class Notice substantially in

354988.1                              91

the form approved by the Court in its preliminary approval order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate.

On _____, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Named Plaintiff's amended complaint on the merits and with prejudice in favor of the Defendants and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award Attorneys' Fees and Expenses to Class Counsel for the Settlement Class and whether and in what amount to award a Case Contribution Award to the Named Plaintiff.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Order.

2. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Braynen Litigation" or the "Action") and of the strengths and weaknesses of their respective positions. Further, settlement occurred only after the parties negotiated over a period of many weeks and after the exchange and production of discovery, including a substantial volume of electronic data. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

3.     The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Named Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement, which shall consist of the following:

The "Class" shall include all borrowers in the United States who, within the Class Period (as defined below), were charged by the Nationstar Defendants under a hazard, flood, flood gap or wind-only LPI Policy issued by the Assurant Defendants for residential property, and who, within the Class Period, either (i) paid to the Nationstar Defendants the Net Premium[10] for that LPI Policy or (ii) did not pay to and still owe the Nationstar Defendants the Net Premium for that LPI Policy.

The "Class Period" shall commence on January 1, 2008 and shall continue through _____, 2014:

Excluded from the Class are:  (i) individuals who are or were during the Class Period officers or directors of the Defendants or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers whose LPI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower or the borrower's escrow account; and, (iv) all borrowers who file a timely and proper request to be excluded from the Class.

---

[10] "Net Premium" means the amount of premium charged to a Class Member for an LPI Policy during the Class Period less any refund paid or credited to the Class Member.

5.      The Court finally appoints the law firms of Kozyak, Tropin, & Throckmorton, P.A., Podhurst Orseck, P.A., and Harke Clasby & Bushman LLP as Class Counsel for the Settlement Class.

6.      The Court finally designates Named Plaintiffs Howard Braynen, Toni Murray, and Ronald Hutchings as the Class Representatives.

7.      The Court makes the following findings on notice to the Settlement Class:

(a)      The Court finds that the distribution of the Mail Notice, the creation of the IVR toll-free telephone number system, and creation of the Internet site, all as provided for in the Settlement Agreement and Preliminary Approval Order, (i) constituted the best practicable notice under the circumstances to Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.  The Parties have complied with their notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed settlement.

(b)      The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order (i) constitute the most effective and practicable notice of the Final Order, the relief available to Settlement Class Members pursuant to the Final Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply

fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

8.      The Settlement Agreement is finally approved as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e).  The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

9.      The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

10.      Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel for the Settlement Class Attorneys' Fees and Expenses in the amount of $_____ payable pursuant to the terms of the Settlement Agreement.  The Court also awards Case Contribution Awards in the amount of $_____ each to Named Plaintiffs Howard Braynen, Toni Murray, and Ronald Hutchings payable pursuant to the terms of the Settlement Agreement.

11.      The terms of the Settlement Agreement and of this Final Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by the Named Plaintiffs and all other Settlement Class Members, as well as their family members, heirs, guardians, assigns, executors,  administrators, predecessors, successors, and assigns.

12.      The Releases, which are set forth in Section 10 of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Order; and the Released Persons (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing

Persons (as that term is defined below and in the Settlement Agreement) from all Released

Claims (as that term is defined below and in the Settlement Agreement).

    (a)    <u>Release and Waiver Definitions</u>

        (i)    "Nationstar Defendants" mean Nationstar Mortgage, LLC, Harwood Service Company, LLC, and Nationstar Mortgage Holdings Inc.

        (ii)    "Assurant Defendants" mean Assurant, Inc., American Security Insurance Company, Voyager Indemnity Insurance Company, and Standard Guaranty Insurance Company.

        (iii)    "Defendants" mean all named defendants in the Braynen Litigation, including the Nationstar Defendants and the Assurant Defendants.

        (v)    "Lender-Placed" means the placement of hazard, flood, flood gap, and/or wind insurance pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by the Nationstar Defendants to cover a borrower's failure to maintain the required insurance coverage on the residential property securing the loan.

        (vi)    "LPI Policy" means a lender-placed residential hazard, flood, flood gap, and/or wind insurance policy issued by the Assurant Defendants for a loan or line of credit serviced by the Nationstar Defendants.

        (vii)    "Release" or "Releases" means the releases of all Released Claims by the Releasing Persons against the Released Persons.

        (viii)    "Released Claims" means all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, demands, and any other forms of liability released pursuant to this Final Order and Judgment and Section 10 of the Settlement Agreement.

354988.1

(ix)   "Released Persons" means:   Defendants and each of their respective past or present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), including, but not limited to, the Nationstar Defendants, the Assurant Defendants and any direct or indirect subsidiary of any of Defendants and each of their respective past or present divisions, parents, subsidiaries, investors, parent companies, and affiliated companies, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities; and (b) any other insurance carriers that issued or may have issued LPI insuring real property owned by any Settlement Class Member for the Nationstar Defendants and/or for any of the Nationstar Defendants' past or present divisions, parents, subsidiaries, investors, parent companies, acquired companies, predecessors in interest, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), including, but not limited to, any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

(x)   "Releasing Persons" means Named Plaintiffs and all Settlement Class Members who do not properly and timely opt out of the Settlement, and their respective family members, heirs, guardians, executors, administrators, predecessors, successors, and assigns.

(xi)   "Settling Parties" means, collectively, Defendants, Named Plaintiffs, all Settlement Class Members, and all Releasing Persons.

(b)     <u>Released Claims of Settlement Class</u>.  Each member of the Settlement Class, and their family members, heirs, guardians, assigns, executors, administrators, predecessors, and successors, other than the Named Plaintiffs, shall, by operation of the Final Order, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Litigation or that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning LPI Policies placed or charged by the Nationstar Defendants during the Class Period.

(i)     The Release stated in Paragraph 12(b) above shall include, but not be limited to, all claims related to charges for the Nationstar Defendants' placement of LPI Policies during the Class Period; Nationstar's insurance requirements; any reinsurance agreements involving the Nationstar Defendants concerning LPI Policies; the relationship, whether contractual or otherwise, between the Nationstar Defendants and the Assurant Defendants, including, but not limited to, the procuring, underwriting, placement, insurance tracking, or costs of LPI Policies; the coverage amount, duration, issue date, alleged "backdating," or alleged excessiveness of any LPI Policies placed or charged by the Nationstar

Defendants; the payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any LPI Policies placed or charged by the Nationstar Defendants; any alleged "tying" arrangement involving the Nationstar Defendants and LPI; any alleged breach of fiduciary duty by the Nationstar Defendants concerning LPI Policies; any alleged tortious interference by the Assurant Defendants with mortgage contracts serviced by the Nationstar Defendants; the disclosure or non-disclosure of any payment, expenses, fees, charges, or feature pertaining to or under any LPI Policies placed or charged by the Nationstar Defendants; the receipt or non-disclosure of any benefit under any LPI Policies placed or charged by the Nationstar Defendants; the content, manner, or accuracy of any communications regarding the placement of any insurance policy by the Nationstar Defendants; and to the regulatory approval or non-approval of any insurance policy, or the premium thereon, placed or charged by the Nationstar Defendants.

       (ii)    The Release in Paragraph 12(b) above shall not cover claims arising after the Final Settlement Date (as defined in the Settlement Agreement), or claims for benefits made under any LPI Policy placed or charged by the Nationstar Defendants.  Nothing in Paragraph 12(b) shall be deemed a release of any Settlement Class Member's respective rights and obligations under the Agreement.

       (iii)    Except to the extent that any such obligation is being released pursuant to Paragraph 12(b) above, this Final Order shall not be deemed a release of Defendants from any existing obligation to any Settlement Class Member, other than Named Plaintiff, under any loan, note, mortgage, or deed of trust.  This provision is not meant to and does not limit the Releases in this Final Oder or in the Settlement Agreement.

(c)     Released Claims of Named Plaintiffs.  The Named Plaintiffs, on behalf of themselves, their family members, heirs, guardians, assigns, executors, administrators, predecessors, and successors, hereby release and discharge the Released Persons from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that the Named Plaintiffs may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source.   In agreeing to this Release, Named Plaintiffs explicitly acknowledge that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity.

(i)     The Release in Paragraph 12(c) above shall include, but not be limited to, all claims related to charges for the Nationstar Defendants' placement of LPI Policies; Nationstar's insurance requirements; the relationship, whether contractual or otherwise, between the Nationstar Defendants and the Assurant Defendants regarding LPI, including, but not limited to, the procuring, underwriting, placement, insurance tracking, or costs of LPI Policies; any reinsurance agreements involving the Nationstar Defendants related to LPI Policies; the coverage amount, duration, issue date, alleged "backdating," or alleged excessiveness of any LPI Policies placed or charged by the Nationstar Defendants; payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under any LPI Policies placed or charged by the Nationstar Defendants; any alleged "tying" arrangement involving the

Nationstar Defendants and LPI; any alleged breach of fiduciary duty by the Nationstar Defendants concerning LPI Policies; any alleged tortious interference by the Assurant Defendants with mortgage contracts serviced by the Nationstar Defendants, to the extent related to LPI; the disclosure or non-disclosure of any payment, expenses, fees, charges, or feature pertaining to or under any LPI Policies placed or charged by the Nationstar Defendants; the receipt or non-disclosure of any benefit under any LPI Policy placed or charged by the Nationstar Defendants; the content, manner, or accuracy of any communications regarding the placement of any LPI Policy by the Nationstar Defendants; and the regulatory approval or non-approval of any LPI insurance policy, or the premium thereon, placed or charged by the Nationstar Defendants during the Class Period.

(ii)     The Release in Paragraph 12(c) above shall not cover claims arising after the Final Settlement Date (as defined in the Settlement Agreement) or claims for benefits made under any LPI Policy placed or charged by the Nationstar Defendants.   Nothing in Paragraph 12(c) shall be deemed a release of Named Plaintiffs' respective rights and obligations under the Final Order and the Settlement Agreement.

(d)     Without in any way limiting their scope, the Releases cover by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, or any other fees, costs, and/or disbursements incurred by Class Counsel, the Named Plaintiffs, or any Settlement Class Members in connection with or related in any manner to this Action, the settlement of this Action, the administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in the Final Order and the Settlement Agreement.

(e)     In connection with the foregoing Releases, the Named Plaintiffs and each Settlement Class Member expressly waive, and shall be deemed to have waived to the fullest extent permitted by law, any and all provisions, rights, benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Named Plaintiffs and each Settlement Class Member agree that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released.  The Named Plaintiffs recognize, and each Settlement Class Member will be deemed to recognize, that, even if they may later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Order, they fully, finally, and forever settle and release any and all claims covered by the Releases.

(f)     The Releases were bargained for and are a material element of the Settlement Agreement.

(g)     The Releases do not affect the rights of Settlement Class Members who timely and properly submitted a Request for Exclusion from the Settlement in accordance with the requirements of the Preliminary Approval Order and in Section 11 of the Settlement Agreement.

(h)     The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court.

354988.1                                    102

(i)     The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(j)     The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein.   The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained herein.

13.     Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Order, nor any of its terms and provisions, nor the final judgment to be entered pursuant to this Final Order, nor any of its terms and provisions, shall be:

(a)     offered by any person or received against the Defendants as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendants of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Braynen Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of the Defendants;

(b)     offered by any person or received against the Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect

to any statement or written document approved or made by the Defendants or any other wrongdoing by the Defendants;

(c)     offered by any person or received against the Defendants as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding;

(d)     offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or the Final Order, or the final judgment to be entered pursuant to this Final Order.

14.     This Final Order, the final judgment to be entered pursuant to this Final Order, and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any Released Person (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.     Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

16.     This Final Order, and the final judgment to be entered pursuant to this Final Order, shall be effective upon entry.  In the event that the Final Order and the final judgment to be entered pursuant to this Final Order are reversed or vacated pursuant to a direct appeal in this Action or the Settlement Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

17.     A final judgment substantially in the form attached hereto as Exhibit E-1 will be entered forthwith.

DONE and ORDERED in Chambers in Miami, Florida, this _____ day of _____, 2014.

_____
JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

**EXHIBIT E-1**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No: 14-cv-20726-JAL

HOWARD BRAYNEN on behalf of
himself and all others similarly situated,

     Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC, HARWOOD
SERVICE COMPANY, LLC, ASSURANT,
INC., and AMERICAN SECURITY INSURANCE
COMPANY,

     Defendants.

_____/

### FINAL JUDGMENT

This action having settled pursuant to the Stipulation and Settlement Agreement (the "Settlement Agreement") and the Court having entered an Order Granting Final Approval To Class Action Settlement (the "Final Order"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

    1.    This action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against the Named Plaintiffs and all other Settlement Class Members, without fees (including attorneys' fees) or costs to any party except as otherwise provided in the Final Order.

        a.    "Named Plaintiffs" means Howard Braynen, Toni Murray, and Ronald Hutchings.

b.   "Settlement Class Members" are members of the "Settlement Class" or "Class," which consists of the following:

The "Class" shall include all borrowers in the United States who, within the Class Period (as defined below), were charged by the Nationstar Defendants under a hazard, flood, flood gap or wind-only LPI Policy issued by the Assurant Defendants for residential property, and who, within the Class Period, either (i) paid to the Nationstar Defendants the Net Premium[11] for that LPI Policy or (ii) did not pay to and still owe the Nationstar Defendants the Net Premium for that LPI Policy.

The "Class Period" shall commence on January 1, 2008 and shall continue through _____, 2014:

Excluded from the Class are:  (i) individuals who are or were during the Class Period officers or directors of the Defendants or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers whose LPI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower's escrow account; and, (iv) all borrowers who file a timely and proper request to be excluded from the Class.

c.   The "Nationstar Defendants" are Nationstar Mortgage, LLC, Harwood Service Company, LLC, and Nationstar Mortgage Holdings, Inc..

d.   The "Assurant Defendants" are Assurant, Inc., American Security Insurance Company, Voyager Indemnity Insurance Company, and Standard Guaranty Insurance Company.

e.   "LPI Policy" means a residential hazard, flood, flood gap, and/or wind insurance policy issued by the Assurant Defendants placed pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by the Nationstar Defendants to cover a borrower's failure to maintain the required insurance coverage on the residential property securing the loan.

---

[11] "Net Premium" means the amount of premium charged to a Class Member for an LPI Policy during the Class Period less any refund paid or credited to the Class Member.

   f. "Net Premium" means the amount of premium charged to a Settlement Class Member for an LPI Policy during the Class Period less any refund paid or credited to the Settlement Class Member.

   2. Named Plaintiffs and all Settlement Class Members who did not timely exclude themselves from the Settlement Class, and their respective family members, heirs, guardians, administrators, executors, predecessors, successors, and assigns, have released the Released Claims as against the Released Persons, and are, from this day forward, hereby permanently barred and enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims; or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims.

   a. "Released Claims" of Named Plaintiffs are any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each Named Plaintiff may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or

unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source.

      b.     "Released Claims" of Settlement Class Members are any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in this action or that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning LPI Policies placed or charged by the Nationstar Defendants during the Class Period.

      c.     The Released Claims of both the Named Plaintiffs and the Settlement Class Member shall include, but not be limited to, all claims related to charges for the Nationstar Defendants' placement of LPI Policies; Nationstar's insurance requirements; any reinsurance agreements involving the Nationstar Defendants concerning or relating to LPI Policies; the relationship, whether contractual or otherwise, between the Nationstar Defendants and any other Released Person, regarding LPI, including, but not limited to, the procuring, underwriting, placement, insurance tracking, or costs of LPI Policies; the coverage amount, duration, issue date, alleged "backdating," or alleged excessiveness of any LPI Policies placed or charged by the Nationstar Defendants; the payment or receipt of commissions, expense reimbursements, alleged "kickbacks," or any other compensation under

any LPI Policies placed or charged by the Nationstar Defendants; any alleged "tying" arrangement involving the Nationstar Defendants and LPI; any alleged breach of fiduciary duty by the Nationstar Defendants concerning LPI Policies; any alleged tortious interference by a Released Person with mortgage contracts serviced by the Nationstar Defendants to the extent related to LPI; the disclosure or non-disclosure of any payment, expenses, fees, charges, or features pertaining to or under any LPI Policies placed or charged by the Nationstar Defendants; the receipt or non-disclosure of any benefit under any LPI Policies placed or charged by the Nationstar Defendants; the content, manner, or accuracy of any communications regarding the placement of any insurance policy by the Nationstar Defendants; and the regulatory approval or non-approval of any insurance policy, or the premium thereon, placed or charged by the Nationstar Defendants.

      d.    "Released Persons" are the Nationstar Defendants, the Assurant Defendants, and each of their respective past or present and direct or indirect divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities; and (b) any other insurance carriers that issued or may have issued LPI insuring real property owned by any Settlement Class Member for the Nationstar Defendants and/or for any of the Nationstar Defendants' past or present divisions, parents, subsidiaries, investors, parent companies, acquired companies, predecessors in interest, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), including, but not limited to, any direct or indirect subsidiary of any of them, and all of

the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

3.     Notwithstanding the dismissal of this entire action, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement, including jurisdiction to enter such further orders as may be necessary or appropriate.

4.     Settlement Class Members shall promptly dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any jurisdiction and that have been released pursuant to the Settlement Agreement and Final Order and enjoined pursuant to this judgment.

DONE and ORDERED in Chambers in Miami, Florida, this _____ day of

_____, 2014.

_____

JOAN A. LENARD
UNITED STATES DISTRICT JUDGE