UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-cv-20726-JAL

HOWARD BRAYNEN, TONI MURRAY, and RONALD HUTCHINGS, on behalf of themselves and all others similarly situated,

      Plaintiffs,

NATIONSTAR MORTGAGE, LLC; HARWOOD SERVICE COMPANY, LLC; NATIONSTAR MORTGAGE HOLDINGS INC., ASSURANT, INC., AMERICAN SECURITY INSURANCE COMPANY, VOYAGER INDEMNITY INSURANCE COMPANY and STANDARD GUARANTY INSURANCE COMPANY

      Defendant.
_____/

Action Filed:   February 27, 2014

**NATIONSTAR DEFENDANTS' RESPONSE TO OBJECTION TO PRELIMINARY APPROVAL MOTION**

    Defendants Nationstar Mortgage, LLC, Harwood Service Company, LLC, and Nationstar Mortgage Holdings, Inc. submit this response to objectors Andrew and Twila Urquhart's opposition to plaintiffs' motion for preliminary approval.  *See* Dkt. no. 49.

**ARGUMENT**

    Defendants fully join in co-defendants America Security Insurance Company, Voyager Indemnity Insurance Company, and Standard Guaranty Insurance Company, and Assurant, Inc.'s previously filed response to the Urquharts' objections.  *See* Dkt. no. 51.  Defendants submit this separate response to briefly emphasize two points.

First, the Urquharts' objection is premature. Rule 23 provides only that a "class member may object …" to a proposed class action settlement. Fed. R. Civ. P. 23(e). The Urquharts are not yet class members or parties to the case as no settlement class has been certified. *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2379 (2011). Accordingly, the Urquharts lack standing to object to the settlement at this time. *See, e.g., Casey v. Citibank, N.A.*, No. 12-CV-820, 2014 WL 3468188, at *1 (N.D.N.Y. Mar. 21, 2014) (disregarding objections filed by Urquharts' counsel at preliminary approval in similar LPI settlement); *Lane v. Facebook, Inc.*, No. 08 Civ. 3845, 2009 WL 3458198, at *5 (N.D. Cal. Oct. 23, 2009) (denying motion to intervene and object at preliminary approval stage because proper time to consider objections is at final approval).

Considering the merits of the Urquharts' objection would be inconsistent with the purpose of preliminary approval. To grant preliminary approval, the Court need only find "the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *In re Checking Account Overdraft Litig.*, MDL No. 2036, 275 F.R.D. 654, 662 (S.D. Fla. 2011) (citation and internal quotation marks omitted). In other words, preliminary approval should be granted "if there is probable cause to notify the class of the proposed settlement." *Fresco v. Auto Data Direct, Inc.*, No. 03-CV-61063, 2007 WL 2330895, at *4 (S.D. Fla. May 14, 2007) (citations and internal quotation marks omitted).

"An objection to the amount of a settlement is not the type of 'obvious defect' that should derail a settlement process before it begins." *In re Penthouse Executive Club Comp. Litig.*, 10 CIV. 1145 KMW, 2013 WL 1828598, at *3 (S.D.N.Y. Apr. 30, 2013). After class notice is mailed, the Court may then consider the response of all class members, not just the Urquharts, in determining whether the settlement is "fair, adequate, reasonable, and not the product of

collusion." *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 (11th Cir. 1994). If the Urquharts wish to pursue their objections, "there is no reason why those concerns cannot be fully and adequately aired at the fairness hearing and in the context of the Court's decision whether to finally approve the settlement." *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 608 (W.D.N.Y. 2011) (citing cases).  Hence, the Court should decline to consider the Urquharts' objections as premature.

Second, if the Court does consider the Urquharts' objections at preliminary approval, they should be summarily overruled. The Urquharts assail the settlement's claims procedure for various reasons. "However, there is nothing inherently objectionable with a claims-submission process, as class action settlements often include this process, and courts routinely approve claims[-]made settlements."[1] This Court has approved similar settlements as reasonable compromises of the disputed claims in LPI cases like this one. *See, e.g., Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 696 (S.D. Fla. 2014); *Williams v. Wells Fargo, N.A.*, No. 11-CV-21233 (S.D. Fla. Sept. 11, 2013) (*Williams* ECF No. 356).

A claims-made settlement is not only reasonable here, but also the only practicable option to award the class members the relief provided by the settlement. The settlement offers cash refunds to class members who actually paid a portion of LPI charges assessed to their home loan escrow accounts and a credit to those who did not but who still owe those charges. *See* Dkt. No. 46-1 ¶¶ 4.6.2, 4.6.3.

---

[1] *Shames v. Hertz Corp.*, 07-CV-2174-MMA WMC, 2012 WL 5392159, at *9 (S.D. Cal. Nov. 5, 2012) (citing cases); *Pelletz v. Weyerhaeuser Co*. 255 F.R.D. 537, 544 (W.D. Wash. 2009) (approving claims-made process where class members were required to "answer two reasonable claim forms and submit a total of 10 photographs of the mold spotting."); see also *Moore v. Verizon Commc'ns Inc.* C 09-1823 SBA, 2013 WL 4610764, at *8 (N.D. Cal. Aug. 28, 2013) (granting final approval of claims-made settlement).

However, there is no way for Nationstar to determine on an automated basis "which class members paid the lender-placed insurance premium or what they paid or what portion of the lender-placed insurance premium was paid without going individually through each [class member's] file." *Saccoccio*, 297 F.R.D. at p. 696.  Nationstar cannot determine without a file-by-file review of each class member's escrow account whether the payments made reflect LPI premiums or other escrow items like insurance or taxes.  Also, a file-by-file review is necessary to determine whether any LPI premiums were actually paid by the borrower or were satisfied by some other means such as a loan modification, refinancing, short sale, bankruptcy, payoff, or other agreement that finally determines the amounts owed on a borrower's account.

In short, a claims-made settlement requiring class members to verify whether they paid any LPI premiums is the only practicable way to award class members the relief called for by the settlement.  If the Court grants preliminary approval, Nationstar will provide an affidavit further substantiating these points before the final approval hearing, when the consideration of evidence in support of and in opposition to the settlement is proper.  Nationstar will also address at that time the merits of any other objections the Urquharts may assert.  To the extent the Court considers the merits of the Urquharts' objections at this time, they should be summarily overruled.

DATED:  August 1, 2014.

Respectfully submitted,

/s/ Nathaniel M. Edenfield
ALAN G. GREER
Florida Bar No.: 123294
agreer@richmangreer.com
NATHANIEL M. EDENFIELD
Florida Bar No.: 91034
nedenfield@richmangreer.com
**RICHMAN GREER, P.A.**

4

396 Alhambra Circle
North Tower – 14th Floor
Miami, FL  33134
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

*Attorneys for Nationstar Mortgage, LLC, Harwood Service Company, LLC, and Nationstar Mortgage Holdings, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **August 1, 2014** a true and correct copy of the foregoing, was electronically filed with the Clerk using the CM/ECF filing system and served upon on all counsel of record or *pro se* parties listed on the attached Service List, either via transmission of Notices of Electronic Filing generated by the CM/ECF filing system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Nathaniel M. Edenfield
NATHANIEL M. EDENFIELD

## SERVICE LIST

Adam M. Moskowitz, Esq.
amm@kttlaw.com
Thomas A. Tucker Ronzetti, Esq.
tr@kttlaw.com
Rachel Sullivan, Esq.
rs@kttlaw.com
Robert J. Neary, Esq.
rn@kttlaw.com
**KOZYAK, TROPIN & THROCKMORTON P.A.**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
*Counsel for Plaintiff*

Aaron S. Podhurst, Esq.
apodhurst@podhurst.com
Peter Prieto, Esq.
pprieto@podhurst.com
John Gravante, III, Esq.
jgravante@podhurst.com
Matthew Weinshall
mweinshall@podhurst.com
**PODHURST ORSECK, P.A.**
City National Bank Building
25 West Flagler Street, Suite 800
Miami, Florida 33130
Telephone: (305) 358-2800
*Counsel for Plaintiff*

Lance A. Harke, Esq.
lharke@harkeclasby.com
Sarah Engel, Esq.
sengel@harkeclasby.com
Howard M. Bushman, Esq.
hbushman@harkeclasby.com
**HARKE CLASBY & BUSHMAN LLP**
9699 NE Second Avenue
Miami Shores, Florida 33138
Telephone: (305) 536-8220
*Counsel for Plaintiff*

Hector Peña, Esq.
hpena@247alawfirm.com
**HECTOR PENA, P.A.**
11110 SW 88th , Street, Suite 102
Miami, FL. 33176
Telephone: (305) 888-4404
*Counsel for Plaintiff*

Kenneth G. Gilman, Esq.
kgilman@gilmanpastor.com
**GILMAN LAW LLP**
3301 Bonita Beach Road, Suite 202
Bonita Springs, FL 34134
Telephone: (239) 221-8301
*Counsel for Plaintiff*

Frank G. Burt, Esq.
Brian P. Perryman, Esq.
bperryman@cfjblaw.com
**CARLTON FIELDS JORDEN BURT, P.A.**
1025 Thomas Jefferson Street, N.W.
Jefferson Court, Suite 400 East
Washington, DC 20007
Telephone: (202) 965-8100
*Counsel for Assurant, Inc. and American Security Insurance Company*

Chip Merlin, Esq.
cmerlin@merlinlawgroup.com
**MERLIN LAW GROUP, P.A.**
777 S. Harbour Island Blvd., Suite 950
Tampa, FL 33602
Telephone: (813) 229-1000
*Counsel for Plaintiff*

Joseph Gurian, Esq.
joseph@guriangroup.com
**GURIAN GROUP, P.A.**
2525 Ponce de Leon Blvd., Suite 300
Coral Gables, FL 33134
Telephone : (305) 521-8879
*Counsel for Plaintiff*