UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CV-20726- LENARD/GOODMAN

HOWARD BRAYNEN, on behalf of
himself and all others similarly situated,

        Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC, *et al.*,

        Defendants.

                                    /

**DEFENDANTS' JOINT OBJECTION TO REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF THE SETTLEMENT CLASS**

On November 10, 2014, Magistrate Judge Jonathan Goodman filed a Report and Recommendation on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement Class, ECF No. 71 ("Report"). Pursuant to Fed. R. Civ. P. 72(b)(2) and Local Magistrate Judge Rule 4(b), defendants Nationstar Mortgage LLC, Harwood Service Company LLC, Nationstar Mortgage Holdings Inc., Assurant, Inc., American Security Insurance Company, Voyager Indemnity Insurance Company, and Standard Guaranty Insurance Company respectfully object to the Report to the limited extent that paragraph 4 of the Report provides that "[t]he 'Class Period' shall commence on January 1, 2008 and shall continue through April 28, 2014."[1] This provision deviates – perhaps inadvertently,[2] but importantly – from the Parties' negotiated Stipulation and Settlement Agreement, which provides that "[t]he

---

[1] Unless otherwise indicated, all capitalized terms used herein have the same defined meaning assigned to them in the Stipulation and Settlement Agreement, ECF No. 46-1 ¶¶ 2.1-2.50, and ECF citations refer to the *Braynen* Litigation docket.

[2] Class Counsel's Motion for Preliminary Approval incorrectly mentioned the April 28, 2014 date in its Introduction, and in the description of the Class. ECF No. 46 at 1, 3-4.

'Settlement Class Period' shall commence on January 1, 2008 and shall continue through and including the date of the Preliminary Approval Order preliminarily approving the settlement." ECF No. 46-1 ¶¶ 2.16, 3.2.

A Preliminary Approval Order remains to be entered (the Report recommends its entry, *see* ECF No. 71 ¶ 3), so by selecting April 28, 2014 as the terminus, the Report truncates the Parties' contractually defined Settlement Class Period, excluding those Settlement Class Members who would otherwise fall within the Period. While the Report does not explain the basis for the Class Period, an inadvertent error by Class Counsel in the Motion for Preliminary Approval likely explains the basis for selecting April 28, 2014 as the Settlement Class Period's terminus. This discrepancy was not intended.

The Settlement Class Period is a material, negotiated term of the Settlement Agreement. An express condition of the Agreement is that the Settlement Class be certified as contractually defined, requiring that the Class span the entire Settlement Class Period described in the Agreement. *See* ECF No. 46-1 ¶¶ 3.4.1, 3.4.3. The Court may not delete, modify, or substitute the terms of a class action settlement agreement like this one, which must stand or fall as a whole. *See Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1119-20 (11th Cir. 1995); *see also Reynolds v. Roberts*, 251 F.3d 1350, 1357 (11th Cir. 2001).

Defendants do not object to the Report in any other regard. They therefore respectfully request that the Court adopt the Report and preliminarily approve the settlement, but clarify and confirm that the Settlement Class Period has the specific meaning assigned to it in the Settlement Agreement: "The 'Settlement Class Period' shall commence on January 1, 2008 and shall continue through and including the date of the Preliminary Approval Order preliminarily approving the settlement." ECF No. 46-1 ¶ 3.2. Defendants further respectfully request that, to

allow the Settlement to progress without delay, the Court enter a Preliminary Approval Order at the Court's earliest convenience.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| SEVERSON & WERSON<br>A Professional Corporation | CARLTON FIELDS JORDEN BURT, P.A.<br><br>*/s/ Frank G. Burt* |
| */s/ John B. Sullivan*<br>John B. Sullivan (*pro hac vice*)<br>jbs@severson.com<br>Mark D. Lonergan (*pro hac vice*)<br>mdl@severson.com<br>One Embarcadero Center, Suite 2600<br>San Francisco, California 94111<br>Telephone: (415) 398-3344<br>Facsimile: (415) 956-0439 | Frank G. Burt (Fla. Bar No. 197963)<br>fburt@cfjblaw.com<br>Brian P. Perryman (*pro hac vice*)<br>bperryman@cfjblaw.com<br>1025 Thomas Jefferson Street, NW<br>Jefferson Court, Suite 400 East<br>Washington, DC 20007<br>Telephone: (202) 965-8100<br>Facsimile: (202) 965-8104 |
| *Attorneys for Defendants Nationstar Mortgage LLC, Harwood Service Company LLC, and Nationstar Mortgage Holdings Inc.* | Farrokh Jhabvala (Fla. Bar No. 765155)<br>fjhabvala@cfjblaw.com<br>100 S.E. Second Street<br>Miami Tower, Suite 4200<br>Miami, Florida  33131-2113<br>Telephone: (305) 530-0050<br>Facsimile: (305) 530-0055<br><br>*Attorneys for Defendants Assurant, Inc., American Security Insurance Company Voyager Indemnity Insurance Company, and Standard Guaranty Insurance Company* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed with the Court electronically on December 1, 2014. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF System. Parties may access this filing through the Court's CM/ECF System.

*/s/ Frank G. Burt*
Frank G. Burt

37135455.3