UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-cv-20726-GOODMAN

**[consent case]**

HOWARD BRAYNEN on behalf of
himself and all others similarly situated,

    Plaintiffs,

v.

NATIONSTAR MORTGAGE, LLC, HARWOOD
SERVICE COMPANY, LLC, ASSURANT,
INC., and AMERICAN SECURITY INSURANCE
COMPANY,

    Defendants.
_____/

*ORDER*[1] **GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT
PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND
SCHEDULING FINAL APPROVAL HEARING**

This Cause is before the Undersigned on Plaintiffs' Motion for Preliminary

Approval of Class Action Settlement and Certification of the Settlement Class (the

---

[1] The Court notes that originally the Undersigned issued a Report and Recommendations [ECF No. 71] on the same motion before the parties consented to full magistrate jurisdiction. In accordance with the Undersigned's Order Granting Plaintiffs' Motion for Substitution of an Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Certification of the Settlement [ECF No. 87], the previously issued Report and Recommendations has been revised and adopted as this Order.

"Motion"). [ECF No. 46]. Upon review and consideration of Plaintiffs' Motion, including the parties' Stipulation and Settlement Agreement (the "Settlement Agreement"), the objection of two non-parties in response to the Motion [ECF No. 49], the replies thereto [ECF Nos. 51; 58; 59], and other relevant portions of the case file, the Motion is hereby **GRANTED**.

The Court shall first address the objections of the two non-parties to the Motion. [ECF No. 49]. Non-parties Andrew and Twila Urquhart (the "Urquharts") are plaintiffs in a similar force-placed insurance action that is pending in the Southern District of New York against some of the same Defendants as in this action. *See Urquhart v. Nationstar Mort., LLC, et al.*, No. 14-cv-3383 (S.D.N.Y.). The Urquharts have offered a lengthy and minutely-detailed opposition to the proposed Settlement Agreement [ECF No. 49].

Review of the applicable law in matters of ***preliminary*** *approval of class action settlements* makes it readily apparent that the Urquharts' substantive objections to the specific provisions of the proposed Settlement Agreement are premature and suited for the second stage of the class action settlement approval process: the Final Approval Hearing. *See Casey v. Citibank, N.A.*, No. 12-CV-820, 2014 WL 3468188, at *1 (N.D.N.Y. Mar. 21, 2014) (holding that that the "attempt to object to the proposed settlement agreement is inappropriate and premature. The proper time to present . . . objections is at the final approval hearing."). The Court's duty at the present stage is to "lay the

ground work for a future fairness hearing." *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 659 (E.D. Cal. 2008); *see also Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 258 F.R.D. 545, 552-53 (N.D. Ga. 2007) (holding that "the Court is not endorsing any evidence or arguments that the parties will submit" and the "decision regarding the settlement class rests solely on the uncontested evidence presented by plaintiffs and the settling defendants."). As such, the Urquharts' objections to *preliminary approval* are premature and therefore **OVERRULED, without prejudice**. They may interpose their objections, and others (if appropriate) in connection with the Final Approval Hearing.

The Undersigned notes that the Urquharts -- in accordance with the procedures governing Reports and Recommendations issued by magistrates -- filed separate objections [ECF No. 73] to the Report and Recommendations [ECF No. 71] entered by the Undersigned on this matter prior to the parties consenting to full magistrate jurisdiction [ECF No. 84]. Because the Undersigned now has full jurisdiction over this matter, the procedure of objecting to the Report and Recommendations [*see* ECF No. 71, p. 18] is now moot. As such, all objections filed -- including those filed by the Urquharts, as well as the parties to this case [ECF Nos. 73; 76] -- are **DENIED AS MOOT**.

Therefore, the following is hereby **ORDERED**, **ADJUDGED** and **DECREED**:

1. **Settlement**. Plaintiffs and Defendants have negotiated a potential settlement of this action (the "Braynen Litigation" or the "Action") to avoid the expense,

3

uncertainties, and burden of protracted litigation, and to resolve any and all claims or causes of action which have been or could be asserted by Plaintiffs and/or other members of the Settlement Class in the Braynen Litigation against Defendants, and all of their past and present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), including, but not limited to, Nationstar Mortgage, LLC, Harwood Service Company, LLC, Nationstar Mortgage Holdings Inc. [collectively "the Nationstar Defendants"], Assurant, Inc. ("Assurant"), American Security Insurance Company ("ASIC"), Voyager Indemnity Insurance Company ("VIIC"), and Standard Guaranty Insurance Company ("SGIC") [collectively "the Assurant Defendants"], any direct or indirect subsidiary of any of Defendants and each of their respective past or present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

2. **Review.**  The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter.  The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

3. **Preliminary Approval**. The Settlement Agreement entered into by and among the Plaintiffs Howard Braynen, Toni Murray, and Ronald Hutchings ("Plaintiffs"), on behalf of themselves and the Settlement Class, the Nationstar Defendants and the Assurant Defendants (collectively, "Defendants") has been negotiated at arm's length and is approved on a preliminary basis as fair, reasonable, and adequate.

4. **Settlement Class Relief**. The proposed Settlement Relief to the Settlement Class Members, as identified in Section 4 of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate. The Settlement Class shall consist of:

(a) All borrowers in the United States who, within the Class Period (as defined below), were charged by the Nationstar Defendants under a hazard, flood, flood gap or wind-only lender-placed insurance ("LPI") policy issued by the Assurant Defendants for residential property, and who, within the Class Period, either (i) paid to the Nationstar Defendants the Net Premium[2] for that LPI Policy or (ii) did not pay to and still owe the Nationstar Defendants the Net Premium for that LPI Policy.

(b) The "Class Period" shall commence on January 1, 2008 and shall continue through and including the date of this Order preliminarily approving the settlement.

(c) Excluded from the Class are: (i) individuals who are or were during the Class Period officers or directors of the Defendants or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or

---

[2] "Net Premium" means the amount of premium charged to a Class Member for an LPI Policy during the Class Period less any refund paid or credited to the Class Member.

5

any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers whose LPI Policy was cancelled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower or the borrower's escrow account; and, (iv) all borrowers who file a timely and proper request to be excluded from the Class.

5. **Preliminary Certification of Settlement Class.** The Court makes the following determinations as to certification of the Settlement Class:

(a) The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3).

(b) The Settlement Class is so numerous that joinder of all members is impracticable;

(c) There are questions of law or fact common to the members of the Settlement Class;

(d) The claims of the Plaintiffs are typical of the claims of the other members of the Settlement Class;

(e) Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

(f) Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

(g) The Settlement Class is ascertainable;

(h) Resolution of the claims in this Litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

6. **Designation of Class Representative**. Plaintiffs Howard Braynen, Toni Murray, and Ronald Hutchings are designated as representatives of the Settlement Class for the sole purpose of seeking a settlement of the Braynen Litigation.

7. **Designation of Class Counsel**. The law firms of Kozyak, Tropin, & Throckmorton, P.A., Podhurst Orseck, P.A., and Harke Clasby & Bushman LLP, are hereby designated as Class Counsel for the Settlement Class.[3]

8. **Final Approval Hearing**. A hearing regarding final approval of the Settlement ("Final Approval Hearing") shall be held will be held in Courtroom 3, on the 11th Floor of the *James Lawrence King* Federal Justice *Building*, 99 Northeast Fourth Street, Miami, Florida on **July 16, 2015, at 10:00 AM** to determine, among other things: (i) whether the Settlement of the Braynen Litigation should be approved as fair, reasonable, and adequate; (ii) whether the Braynen Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iii) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; (iv) whether Settlement Class Members should be subject to a permanent injunction

---

[3]   Additional counsel representing the class and listed on the Amended Complaint includes, among others, Gilman Law LLP.

which, among other things, bars Settlement Class Members who have not opted out of the settlement from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), organizing, or soliciting the participation of other Settlement Class Members to pursue any action in any jurisdiction based on or relating to any of the Released Claims (as defined in the Settlement Agreement) or the facts and circumstances relating thereto; and (v) whether the application of Class Counsel for an award of Attorneys' Fees and expenses, and the proposed Case Contribution Award To Plaintiffs, should be approved.

9. **Class Notice**.

(a) The Court approves the Class Notice in the Settlement Agreement, including the Mail Notice attached as Exhibit A to the Settlement Agreement and the manner of providing Mail Notice to Settlement Class Members described in Section 6 of the Settlement Agreement.  The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class.  The Court further finds that Mail Notice and the other forms of Class Notice in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process.

(b)  The Mail Notice shall be mailed not less than ninety (90) days before the date set by the Court for a Final Approval Hearing regarding the Settlement. The Mail Notice shall include the Claim Instructions (attached as Exhibit B to the Settlement Agreement) and Claim Form (attached as Exhibit C to the Settlement Agreement).

(c)  No later than the posting of the Mail Notice, the Settlement Administrator shall establish an Internet site (the "Settlement Website") which shall contain copies of the Settlement Agreement and Exhibits and the Mail Notice, and allow Class members to upload and file their claim forms.  The Settlement Website shall also contain Claim Form Instructions and a Claim Form which may be downloaded or printed from the Settlement Website.  The Settlement Website shall have a Uniform Resource Locator which identifies the Settlement Website as BraynenSettlementInfo.com.  The Settlement Website shall remain open and accessible through the last day for Settlement Class Members to submit a Claim for Settlement Relief;

(d)  The Settlement Administrator shall establish a toll-free interactive voice response phone number with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the language contained in the Notice and Claim Form.  The phone number shall remain open and accessible through the last day for Settlement Class Members to

submit a Claim for settlement relief. The Settlement Administrator shall make reasonable provision for Class Counsel to be promptly advised of recorded messages left on the phone number by Settlement Class Members concerning the Braynen Litigation and/or this Settlement, so that Class Counsel may timely and accurately respond to such inquiries.

(e) No later than 10 days prior to the Final Approval Hearing, Defendants shall obtain from the Settlement Administrator and shall file with the Court a proof of mailing of the Mail Notice and of establishing the Settlement Website.

(f) Defendants shall comply with the obligation to give notice under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed settlement. No later than 10 calendar days before the Final Fairness Hearing, counsel for Defendants shall file with the Court one or more declarations stating that Defendants have complied with its notice obligations under 28 U.S.C. § 1715.

10. **Administrators**. The Court authorizes and directs Defendants to retain one or more Administrators to implement the terms of the Settlement Agreement, and authorizes and directs such Administrators to (i) mail the Mail Notice, (ii) establish the IVR phone line system, (iii) establish a live operator response, (iv) establish the Settlement Website, (v) receive and process settlement claims, and (vi) carry out such other responsibilities as are provided for in the Settlement Agreement or may be agreed to by the Parties in the Action.

11. **Exclusion from the Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website.  Any such Request for Exclusion must be postmarked no later than thirty (30) days before the Final Approval Hearing.

(a) To be valid, the Request for Exclusion must:  (a) identify the case name and number; (b) identify the name and address of the Settlement Class Member; (c) be personally signed by the Settlement Class Member requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in the Braynen Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in the Braynen Class Action."  Mass or class opt outs shall not be allowed.

(b) A Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Settlement Agreement, even if the Settlement Class Member desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Persons (as defined in the Settlement Agreement), or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Persons.

(c) Except for those Settlement Class Members who timely and properly file a request for exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Final Settlement Date (as defined in the Settlement Agreement), will be bound by its

terms, including, but not limited to, the Releases in Section 10 of the Settlement Agreement.

(d) If the number of Settlement Class Members who properly and timely exercise their right to opt out of the Settlement Class exceeds 5 percent (5%) of the total number of Settlement Class Members, then the Settling Parties stipulate and agree that Defendants shall have the right to terminate this Agreement without penalty or sanction.

(e) If the proposed settlement is approved, then any Settlement Class Member who has not submitted a timely, written Request for Exclusion from the Class shall be bound by all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against Defendants relating to any of the Released Claims to Settlement Agreement.

12. **Objections and Appearances**. Any Settlement Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the Settlement Agreement must do so in writing and must file with the Clerk of Court and serve on Class Counsel and Defendants' Counsel, at the addresses listed below, a written statement of objection in accordance with the requirements set forth below and in the Settlement Agreement no later than thirty (30) days before the Final Approval Hearing:

**For Plaintiff and Settlement Class**

Adam M. Moskowitz
Kozyak, Tropin, & Throckmorton, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL  33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508

**For the Nationstar Defendants**

John B. Sullivan
Mary Kate Kamka
Severson & Werson, A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

**For the Assurant Defendants**

Frank G. Burt
Carlton Fields Jorden Burt, P.A.
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007-5208
Telephone: (202) 965-8140
Facsimile: (202) 965-8104

(a) The requirements to assert a valid written objection shall be set forth in the Class Notice and on the Settlement Website, and shall include: (a) the case name and number; (b) the name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel; (c) the basis for the objection; and (d)

a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel;

(b)     Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

(c)     Any Settlement Class Member who submits a timely written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable, provided that the objecting Settlement Class Member:  (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear"), which must include the case name and number and the Settlement Class Member's name, address, telephone number, and signature, by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.  Any attorney who intends to

14

represent an objecting Settlement Class Member at the Final Approval Hearing must do so at the Settlement Class Member's expense and must file a notice of appearance at least two weeks before the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice will not be entitled to appear at the Final Approval Hearing to raise any objections.

13. **Releases.** If the Settlement is finally approved, then all Settlement Class Members who have not filed a timely and proper Request for Exclusion shall release the Released Persons from all Released Claims, as described in Section 10 of the Settlement Agreement, including, *inter alia*, all claims, charges, or demands that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning hazard, flood, flood gap, or wind LPI Policies placed by the Nationstar Defendants during the Class Period.

14. **Attorneys' Fees and Expenses, and Case Contribution Awards**. Defendants agree not to oppose an application for the award of Attorneys' Fees and Expenses in this Action not to exceed a total of $5,000,000. Plaintiffs and Class Counsel agree not to seek an award of Attorneys' Fees and Expenses in the Action in an amount exceeding $5,000,000. Defendants also agree not to oppose the application for a Case Contribution Award of $5,000 each for the Named Plaintiffs Braynen, Murray, and Hutchings for their work and assistance in this Action. Plaintiffs and Class Counsel

agree not to seek a Case Contribution Award in excess of $5,000 for each Named Plaintiff.

15. **Preliminary Injunction.** All Settlement Class Members who do not timely exclude themselves from the Settlement Class are hereby preliminarily enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims (as that term is defined in the Settlement Agreement); or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

16. **Service of Papers.** Defendants' Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Defendants' Counsel and Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into

their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

17. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason.  In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

18. **Use of Order Following Termination of Settlement**.  This Order shall be of no force and effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against any Defendant of any fault, wrongdoing, breach, or liability, or by or against Plaintiff or

the Settlement Class Members that their claims lack merit or that the relief requested in the Class Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

19. **Necessary Steps**.  The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

**DONE AND ORDERED,** in Chambers, in Miami, Florida, January 30, 2015.

*[signature]*
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
All counsel of record